**MOTHER'S RESTAURANT**
**INCORPORATED,**
**Appellant,**

**v.**

**MAMA'S PIZZA, INC., Appellee.**

**Appeal No. 83–948.**

United States Court of Appeals,
Federal Circuit.

Dec. 21, 1983.

George Gottlieb, New York City, argued for appellant; with him on brief, were Barry A. Cooper and David S. Kashman, New York City.

J. Shelby Sharpe, Fort Worth, Tex., argued for appellee; with him on brief, was William T. Wofford, Fort Worth, Tex.

Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge and BALDWIN, Circuit Judge.

DAVIS, Circuit Judge.

This is an appeal from two decisions of the Trademark Trial and Appeal Board (TTAB or Board) made in the course of proceedings on a petition by appellee Mama's Pizza, Inc. (Mama's) to cancel a service mark registration held by appellant Mother's Restaurants, Inc. (MRI). In the first decision, dated December 24, 1980, the TTAB dismissed MRI's counterclaim for concurrent use. In the second decision of January 24, 1983, the Board granted Mama's motion for summary judgment on its petition for cancellation, giving collateral estoppel effect to state court findings of prior use and confusing similarity. We affirm both decisions.

I

*Background*

MRI is the owner of United States Registration No. 1,040,322 for the mark MOTHER'S PIZZA PARLOUR, registered May 25, 1976, for restaurant services. On July 27, 1979, Mama's filed a petition with the Patent and Trademark Office (PTO) asking that MRI's registration be cancelled. Mama's later filed an Amended Petition for Cancellation in February 1980. In its amended petition, Mama's alleged that it provided restaurant services under the service mark MAMA'S PIZZA, that it had used this mark (through its predecessors in title) prior to any use of the MRI mark, and that the MRI mark was confusingly similar to Mama's mark.

In its answer to Mama's petition, MRI requested that the petition be dismissed, or, in the alternative, that a concurrent use proceeding be instituted to restrict the geographical scope of MRI's trademark registration. This request for alternative relief, styled as a counterclaim, was dismissed by the TTAB on December 24, 1980, under *Selfway, Inc. v. Travelers Petroleum, Inc.,* 579 F.2d 75, 198 USPQ 271 (Cust. & Pat. App.1978), which had held that geographical restriction of a registration is not an appropriate form of relief in a cancellation proceeding. MRI's subsequent appeal of the TTAB's dismissal of its counterclaim was dismissed by the Court of Customs and Patent Appeals in June 1981, on the ground that the TTAB order was interlocutory and not an appealable final decision.

PTO proceedings on the cancellation petition were then suspended for some months pending the disposition of related state and federal litigation. At the state level, Mama's and its affiliated company, Mama's Pizza Franchise Company, sought an injunction in a Texas state district court to prohibit Mother's Restaurants of Texas, Inc. (MRT) (a licensee of MRI) from using the name MOTHER'S PIZZA PARLOUR or any similar name in its restaurant, then under construction.[1] In its answer and

---

1. The plaintiffs averred that, if MRT were permitted to operate a restaurant called MOTHER'S PIZZA PARLOUR or any similar name, MRT would be violating plaintiffs' common law rights in the mark MAMA'S PIZZA, infringing the state registration of that mark, and engaging in an unfair business practice.

counterclaim to Mama's state court petition, MRT asserted that it had violated no rights belonging to Mama's or Mama's Pizza Franchise Company, and asked that the court, in the event it found confusion between the two marks, enjoin Mama's from using its mark on businesses established after September 17, 1971, or, at least, after May 25, 1976.[2]

On July 15, 1981, the Texas court entered its final judgment. The court found that the plaintiffs, Mama's Pizza and Mama's Pizza Franchise Company, had failed to sustain their burden of proof regarding the allegations they had made that the trademark MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE was deceptively similar to the trademark MAMA'S PIZZA. The court denied the relief sought by the plaintiffs in their petition and also by the defendants in their counterclaim.

At the request of Mama's, the state trial judge issued findings of fact and conclusions of law on July 30, 1981. These findings of fact and conclusions of law included the following:

*Findings of Fact*

1. Mother's Restaurants, Incorporated, a Canadian corporation, is the owner of United States service mark registration no. 1,040,322 registered on May 25, 1976 for the mark "Mother's Pizza Parlour".

2. Defendant Mother's Restaurants of Texas, Inc., by mesne agreements with Mother's Restaurants, Incorporated acts on behalf of said Canadian corporation with respect to the rights to use the mark "Mother's Pizza Parlour" in the State of Texas.

\* \* \* \* \* \*

4. Mother's Restaurants, Incorporated is the real party in interest in this cause, having financed and provided for the investigation and legal services of counsel for the preparation and trial of this cause.

\* \* \* \* \* \*

7. The service mark to be used for the restaurant in Tarrant County, Texas is the "Mother's Pizza Parlour & Spaghetti House" logo, which is the subject of United States service mark application serial no. 195,990.

\* \* \* \* \* \*

9. Plaintiff Mama's Pizza, Inc. is the owner of Texas service mark Registration No. 32,855 dated June 16, 1976 for "Mama's Pizza".

\* \* \* \* \* \*

11. The mark "Mama's Pizza" has been in continuous use in commerce by Mama's Pizza, Inc. and its predecessors in title since October of 1968.

12. If the service mark "Mother's Pizza Parlour & Spaghetti House" logo signage is used together with the distinctive outside appearance of the restaurant building, its distinctive interior decor, menu and manner of service as presented to the Court, it is not likely that the public will confuse the Mother's Pizza Parlour & Spaghetti House restaurant in Tarrant County, Texas with a "Mama's Pizza" restaurant.

\* \* \* \* \* \*

14. The service mark "Mother's Pizza Parlour" which is the subject of United States Registration No. 1,040,322 registered May 25, 1976 in the United States Patent and Trademark Office is confusingly similar to the service mark "Mama's Pizza" which is the subject of United States Service mark application serial No. 90,753 filed June 17, 1978 in the United States Patent and Trademark Office.

\* \* \* \* \* \*

*Conclusions of Law*

1. Plaintiffs failed to discharge their burden of proof that defendant Mother's Restaurants of Texas, Inc. is going to use the name "Mother's Pizza Parlour" or any colorable imitation of plaintiff's service mark in the operation of any business establishment in the State of Texas.

---

**2.** MRI asserted that it filed its trademark application on September 17, 1971 and was issued

its registration on May 25, 1976.

2. Defendant Mother's Restaurants of Texas, Inc. is not entitled to enjoin plaintiffs Mama's Pizza, Inc. and Mama's Pizza Franchise Company from using the service mark "Mama's Pizza" because said service mark has been in continuous use in commerce by Mama's Pizza, Inc. and its predecessors in title since October of 1968, which is prior to any use date established by defendant Mother's Restaurants of Texas, Inc. regarding United States Registration No. 1,040,322 for "Mother's Pizza Parlour".

Neither party appealed from the court's final judgment. MRT did file an "Original Equitable Bill of Review" with the Texas court on October 19, 1981, asking that the court set aside its findings of fact and conclusions of law (including those listed above) on the ground that they did not reflect the evidence presented at trial or accurately set forth the basis upon which relief was granted by the court. On February 25, 1982, the Texas court granted Mama's motion for summary judgment and dismissed MRT's Equitable Bill of Review on the ground that MRT was not seeking to "alter, change, or modify" the final judgment of July 15, 1981.

On January 22, 1981, after the state court proceeding had been commenced, but prior to the state trial, MRI filed a civil action against Mama's in the U.S. District Court for the Northern District of Texas, seeking a declaratory judgment that its marks, MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE and MOTHER'S PIZZA PARLOUR, did not interfere with or infringe any trademark of Mama's. The federal court dismissed that action on July 27, 1981, saying that no purpose would be served by asserting jurisdiction since the Texas state court action would dispose of the issues as a matter of collateral estoppel. On September 10, 1981, (after and in the light of the state court's final decision), the district court denied MRI's request for reconsideration of the order of dismissal.

Upon the conclusion of the state and federal court actions, Mama's filed a motion with the PTO entitled "Petitioner's Motion For Consideration Of Cancellation On Merits In View Of Outcome Of Concurrent State And Federal Court Proceedings". The Board considered this motion as a motion for summary judgment on the cancellation petition.

In its opinion of January 24, 1983, the Board held that the state court findings of confusing similarity and priority of use should be accorded collateral estoppel effect in the cancellation proceeding. Accordingly, it granted Mama's summary judgment motion on the petition for cancellation of MRI's Registration No. 1,040,322.

## II

### Former Adjudication

Under the doctrine of issue preclusion, traditionally called "collateral estoppel",[3] issues which are actually and necessarily determined by a court of competent jurisdiction are conclusive in a subsequent suit involving the parties to the prior litigation. Restatement (Second) of Judgments § 27 (1980). The underlying rationale is that a party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided over again. *Warthen v. United States,* 157 Ct.Cl. 798, 800 (1962); 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.443[1] (2d ed. 1983). Here, the Board properly decided that MRI had already had its day in the state court. All the essential requirements for the application of issue preclusion have been met: (1) the issues to be concluded are identical to those involved in the prior action; (2) in that action the issues were raised and "actually litigated"; (3) the determination of those issues in the prior action was necessary and essential to the resulting judgment; and (4) the party precluded (MRI) was fully represented in the prior action.[4] *See generally,* 1B J.

---

3. *See* Restatement (Second) of Judgments § 27 (1980). The Restatement indicates that the term issue preclusion is preferable to "collateral estoppel".

4. This last condition for the application of issue preclusion includes the requirement of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, 169 USPQ 513 (1971), that a party

Moore, *supra,* at ¶ 0.443[1]; Restatement (Second) of Judgments §§ 27, 39 (1980). We discuss those requirements in turn.

### 1. *Identity of Issues*

■ The requirement of identity of issues between the prior and present adjudication is plainly met. In its opinion of January 24, 1983, the Board identified the dispositive issues in the cancellation proceeding as confusing similarity between the marks MAMA'S PIZZA and MOTHER'S PIZZA PARLOUR, and priority of use. MRI neither disputes that these issues are dispositive nor that the Texas court issued findings of fact and conclusions of law explicitly dealing with them. To the contrary, the defendant's answer filed in the Texas case specifically acknowledged that the "similarity and potential confusion of the two marks and terms" was being litigated before the PTO as well as before the Texas court.

### 2. *"Actually Litigated"*

■ Both the issue of confusing similarity between the MAMA'S PIZZA and MOTHER'S PIZZA PARLOUR marks and the issue of prior use were "actually litigated" in the Texas court, within the meaning of that requirement of the doctrine of issue preclusion. The requirement is "generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it". *Continental Can Co. v. Marshall,* 603 F.2d 590, 596 (7th Cir.1979). *See also* Restatement (Second) of Judgments § 27 comment d (1980).

In their pleadings before the Texas court, the parties distinctly raised the issues of confusion between their marks and of prior use. The record of the four-day trial in the Texas court reflects that the court heard extensive testimony on both issues. Witnesses testified as to the public's alleged confusion regarding the ownership of the

MRT restaurant under construction, they gave detailed descriptions of the decor, menu, and service styles of both Mama's and MRI restaurants, and they outlined the business history of both companies. In the circumstances, the Board properly concluded that a trial in connection with the cancellation petition would only be a replay of the state court proceedings. The prime purpose of the doctrine of issue preclusion is to avoid this type of repetitious litigation.

MRI contends that what was litigated in state court was the alleged confusion between MAMA'S PIZZA and MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE—not MOTHER'S PIZZA PARLOUR. The record does reflect, as MRI asserts, that counsel for MRT represented to the court that the restaurant under construction would be called MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE, rather than simply MOTHER'S PIZZA PARLOUR. It is also true that the final judgment, as distinguished from the findings of fact and conclusions of law, mentions only the mark MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE.[5] But these facts fail to show that the issue of confusion between the MOTHER'S PIZZA PARLOUR and MAMA'S PIZZA marks was not actually litigated before the state court. The parties' pleadings, both in the main claim and the counterclaim, put the issue of confusion between these particular marks before the court. *See infra.* The record of the state court proceedings discloses no testimony on the issue of confusion between a restaurant specifically called MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE and a Mama's restaurant. Rather, the testimony on the subject of confusion centered around the differences and similarities between the general structure, decor, menu, and service style between a "Mother's" and a Mama's restaurant. This testimony was relevant to the question of confusion regardless of whether

---

has had a "full and fair chance to litigate" the issues to be precluded.

5. The state court apparently held in favor of the defendant on the plaintiffs' claim because the restaurant to be built in Texas would use the name MOTHER'S PIZZA PARLOUR &

SPAGHETTI HOUSE, and *that* name was unlikely to be confused with MAMA'S PIZZA. This view of the court's holding on plaintiffs' claim is amply supported by the court's final judgment and by its findings of fact nos. 7, 12, and 14 and conclusion of law no. 1, *supra.*

the new restaurant was to be called MOTH-ER'S PIZZA PARLOUR or MOTHER'S PIZZA PARLOUR & SPAGHETTI HOUSE. In light of the parties' pleadings and the trial record we must conclude that the confusion between *both* MRI marks and the Mama's mark was actually litigated.

### 3. *Determinations Necessary to the Judgment*

In order to give preclusive effect to a particular finding in a prior case, that finding must have been necessary to the judgment rendered in the previous action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *A.B. Dick Co. v. Burroughs Corp.,* 713 F.2d 700, 702, 218 USPQ 965, 967 (Fed. Cir.1983). MRI argues that the court's findings of fact concerning confusing similarity between the marks MOTHER'S PIZ-ZA PARLOUR and MAMA'S PIZZA were not·necessary to the court's judgment.[6] It is asserted, on the contrary, that the court's finding of confusing similarity[7] is necessary neither to the court's decision on the main claim nor to the court's decision on the counterclaim. We disagree as to the latter.

At the outset, it is important to note that the requirement that a finding be "necessary" to a judgment does not mean that the finding must be so crucial that, without it, the judgment could not stand. Rather, the purpose of the requirement is to prevent the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation. *See* 1B J. Moore, *supra,* at ¶ 0.443[5.–1]; Restatement (Second) of Judgments § 27 comment h (1980).

We hold that the determination of confusion between MOTHER'S PIZZA PARL-OUR and MAMA'S PIZZA was necessary to the state court's final judgment with respect to the counterclaim. This is not a case where the court reached out to make determinations as to issues which were not before it. The issue of the confusion between the MOTHER'S PIZZA PARLOUR and MAMA'S PIZZA marks was the focus of the parties' pleadings and was fully litigated in the state court. The counterclaim expressly alleged that (1) "there is no possibility of confusion between the trademark 'Mother's Pizza Parlour' with respect to the restaurants authorized by MRI and the term 'Mama's Pizza' with respect to the restaurants of Plaintiff"; and (2) that, in any event, Mama's rights were limited to restaurants opened by September 1971 (the date of MRI's application for trademark registration); and (3) that restaurants operated by Mama's Pizza after September 1971 (assuming the MRI and Mama's marks are confusing) "infringe and wrongfully conflict" with rights in the MOTHER'S PIZZA PARLOUR mark in Texas and elsewhere. On these allegations, the counterclaim sought an injunction against Mama's and Mama's Pizza Franchise Company, enjoining them from using the name MAMA'S PIZZA in connection with restaurants which commenced operation after September 1971. As a result of the trial, the counterclaim raising these issues was "in all things" denied. Though the court's final judgment did not specify why the counterclaim was denied, the court's findings of fact and legal conclusions (*see supra*) spelled out in detail the court's determinations leading to its judgment on the counterclaim.[8]

---

**6.** The court's final judgment reads (in pertinent part):

... The court finds ... that Plaintiffs Mama's Pizza, Inc., and Mama's Pizza Franchise Company have failed in all respects to sustain their burden of proof regarding the allegations by all Plaintiffs that the trademark "Mother's Pizza Parlour and Spaghetti House" licensed to Defendant Mother's Restaurants of Texas, Inc., is deceptively similar and confusing with respect to the trademark "Mama's Pizza" ... all relief sought by Plaintiffs in their First Amended Original Pe-

tition and all relief sought by Defendant Mother's Restaurants of Texas, Inc., in its Original Counterclaim should, in all things, be denied.

**7.** *See* Finding of Fact No. 14, *supra.*

**8.** We cannot accept MRI's contention that, since the final judgment provides no explicit rationale for the denial of the counterclaim, that decision could have been based on a nonarticulated finding—for instance, that MRT had no standing to assert its claim. The explic-

Nor is this a case where a second proceeding involving the same issues was unforeseen. Because the proceedings in the PTO were stayed pending the completion of the state action, MRI should have been aware of the possibility that the Board would accord preclusive effect to the state court findings.

Appellant contends, nevertheless, that, to the extent the findings and legal conclusions were made in connection with the counterclaim, they were improperly decided because (says MRI) the counterclaim was not, and could not be, before the state court. MRI makes much of the asserted fact that the counterclaim was styled as an alternative pleading—and therefore (in MRI's view) was only to be decided if the plaintiff prevailed on its own claim (which it did not do). This is a plain misreading of the counterclaim. In fact, the counterclaim was not alternative to the main case, but merely presented two alternative theories for MRT to win on its counterclaim regardless of the decision on the main claim. In the counterclaim, MRT asserted that there was no possibility of confusion between the marks MOTHER'S PIZZA PARLOUR and MAMA'S PIZZA but asked that Mama's be enjoined on the basis of priority of use from using its mark if the court did in fact find the marks to be confusing. The counterclaim did not in any way condition the court's determination of the issues it raised on the court's holding for plaintiff on the main claim. The only "threshold condition" that was arguably connected with the counterclaim was that the court find the marks MOTHER'S PIZZA PARLOUR and MAMA'S PIZZA to be confusing before turning to the question of priority of use. Since the state court did find the marks to be confusing,[9] MRI cannot now argue that the issue of priority of use should not have been decided. The counterclaim, as a whole, was before the court and accordingly had to be decided by it even though the plaintiff's claim was rejected.

### 4. Non-Parties and Issue Preclusion

Appellant urges that, in any event, it cannot be bound by the state judgment entered against MRT, its licensee. We reject this contention as well.

■ Federal courts have repeatedly held a non-party may be bound by a judgment if one of the parties to the earlier suit is so closely aligned with the non-party's interests as to be its virtual representative. See *Chicago, R.I. & P. Ry. Co. v. Schendel,* 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); *Heckman v. United States,* 224 U.S. 413, 445–46, 32 S.Ct. 424, 434–35, 56 L.Ed. 820 (1912); *Aerojet-General Corporation v. Askew,* 511 F.2d 710, 719 (5th Cir.1975), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975), *reh'g denied,* 423 U.S. 1026, 96 S.Ct. 470, 46 L.Ed.2d 400 (1975); *Southwest Airlines Co. v. Texas Intern. Airlines,* 546 F.2d 84, 94–95 (5th Cir.1977), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Kreager v. General Electric Company,* 497 F.2d 468, 472 (2d Cir. 1974), *cert. denied,* 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974), *reh'g denied,* 419 U.S. 1041, 95 S.Ct. 530, 42 L.Ed.2d 319 (1974); *Pan American Match, Inc. v. Sears Roebuck and Co.,* 454 F.2d 871, 874 (1st Cir.1972), *cert. denied,* 409 U.S. 892, 93 S.Ct. 113, 34 L.Ed.2d 149 (1972). Similarly, a non-party who "controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party". Restatement (Second) of Judgments § 39 (1980). *See Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979).

■ Whether a party's interests in a case are "virtually representative" of the interests of a non-party is a question for the court which is invoking the collateral estoppel doctrine. *Aerojet,* 511 F.2d at 719. Here, of course, the TTAB is in the position of a trial court. In the course of its opinion

---

it findings and legal conclusions show that MRI's supposition is incorrect. And the mere existence of another possible ground for a judgment does not deprive the factual determination upon which the decision actually rested of preclusive effect. 1B J. Moore, *supra,* at ¶ 0.443[5.–2].

**9.** *See* Finding of Fact No. 14, *supra.*

of January 24, 1983, the Board referred to MRT as MRI's "agent", and that represents the Board's conclusion that MRI was found by the Texas court to have been represented by MRT. The state court's finding of fact no. 4, *supra,*—finding MRI to be "the real party in interest"—shows that the TTAB was quite correct.

This issue of MRI's representation by MRT was actually litigated in Texas. It was raised by the state court pleadings [10] and evidence before the state court showed the relationship between MRI and MRT.[11] The court's finding was necessary to the judgment because the marks urged by MRT (in its counterclaim) as superior to Mama's mark were owned by MRI, not MRT, and it was essential to consideration of that counterclaim, the merits of which the court reached and decided, to determine the connection and interrelationship between MRI and MRT.

For these reasons, we hold that the TTAB properly gave preclusive effect to the Texas court's findings of fact; and because the Texas court made findings on the issues that are dispositive of the petition for cancellation, we also hold that the TTAB correctly granted Mama's motion for summary judgment on that petition.

### III

*TTAB Counterclaim for Concurrent Use*

 We agree with the Board that *Selfway, Inc. v. Travelers Petroleum, Inc.,* 579 F.2d 75, 198 USPQ 271 (Cust. & Pat.App. 1978) is controlling on the question of MRI's counterclaim in the TTAB for consideration of concurrent use in connection with the cancellation proceeding. In *Selfway,* the Court of Customs and Patent Appeals interpreted the Lanham Act as permitting concurrent rights to be adjudicated only in a concurrent use proceeding, not in a cancel-

lation proceeding. *Accord Rosso and Mastracco, Inc. v. Giant Food, Inc.,* 720 F.2d 1263 (Fed.Cir.1983). The fact that MRI raised the question of concurrent use at an earlier stage in the cancellation proceeding than did the respondent in *Selfway* is clearly not sufficient to distinguish the two cases.

■ This panel cannot overrule the *Selfway* decision. The court may overrule a prior holding having precedential status only by an *in banc* decision.

The TTAB's dismissal of MRI's counterclaim for concurrent use and its decision to grant summary judgment on the petition for cancellation were correct.

*Affirmed.*

---

10. In its counterclaim to Mama's state court petition, MRT said that it "represents and acts on behalf of MRI" with respect to "certain specified rights regarding the trademark and tradename 'Mother's Pizza Parlour' in the State of Texas".

11. The record contains testimony by Mr. Gottlieb, the lead counsel for MRT in the Texas

court proceedings, stating that his legal fees would be paid by Mother's Restaurants of Canada (MRI). In addition, Plaintiffs Exhibit No. 91 included an agreement between MRI and MRT which provides that MRI will pay the cost of legal proceedings to protect its service marks and will have the right to settle or discontinue legal proceedings at its option.