824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Uziel GAL, Appellant,
v.
ISRAEL MILITARY INDUSTRIES OF the MINISTRY OF DEFENSE OF the
STATE OF ISRAEL, Appellee.
 Appeal No. 87-1076.
 United States Court of Appeals, Federal Circuit.
 June 24, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The Trademark Trial and Appeal Board (TTAB or Board) granted summary judgment to Israel Military Industries of the Ministry of Defense of the State of Israel (IMI) on certain issues, and dismissed the opposition of Uziel Gal to IMI's application for registration of the mark "UZI". Opposition No. 71,459, June 10, 1986, Uziel Gal v. Israel Military Indus., 230 USPQ 669 (TTAB 1986). We affirm.
 
 OPINION
 
 2
 While serving in the Israeli army in the early 1950's, appellant Uziel Gal achieved renown by developing a submachine gun with revolutionary design features. In addition to securing his reputation as a designer of weapons and armaments, Gal's invention, popularly known as the UZI submachine gun, earned him the Israeli Defense Prize, the highest award of the State of Israel, and a Citation of Merit from the Israeli Army. However, Gal has never held a financial interest in his invention. Indeed, apart from these awards, his sole recompense for his innovative design appears to be whatever psychic pleasure he may derive from having made so large a contribution to the defense of Israel.
 
 
 3
 Since 1954, submachine guns bearing the "UZI" mark have been manufactured by IMI for use by the Israeli armed forces as well as for sale outside of Israel.
 
 
 4
 After retiring from the Israeli Army, Gal moved his family to Philadelphia where he performed design and consulting services for Action Manufacturing Company and Action Arms Limited (collectively "Action"), purveyors of military hardware. Under the general terms of his arrangement with Action, he was paid on a per diem basis with the expectation of royalties on any products successfully marketed as a result of his efforts. Although Gal and Action exchanged numerous proposed drafts of written agreements, the precise terms of his employment were never formally memorialized.
 
 
 5
 Gal's relationship with Action gradually deteriorated. Eventually, he brought suit in the United States District Court for the Eastern District of Philadelphia to recover royalties allegedly due him and to recover damages and other relief related to Action's use of the "UZI" name. Uzi Gal v. Action Mfg., C.A. No. 83-2162 (E.D.Pa. July 11, 1985). The District Court held that Gal was entitled to reasonable royalties from Action on its sales of three weapons, two of which had been designed by Gal and another which incorporated one of his patented inventions. Id. However, the court declined to award monetary or other relief against Action for the use of the "UZI" name. According to the court,
 
 
 6
 The evidence makes unmistakably clear that whatever rights associated with the Uzi name plaintiff may have possessed were relinquished to IMI long ago. In short, there can be no doubt that IMI, rather than the plaintiff, is the owner of the right to use the Uzi name in association with automatic weapons.
 
 
 7
 Id. Neither Gal nor Action appealed this decision.
 
 
 8
 Subsequently, Gal became a partner in Uzi R & D Associates, a New York firm formed to manufacture, market and sell armaments designed, inter alia, by Gal. Appellee IMI filed an application for federal trademark registration of the term "UZI."[1] After IMI's application was allowed and published for opposition on February 26, 1985, Gal, along with Uzi R & D Associates, challenged IMI's right to register the "UZI" mark.
 
 
 9
 IMI moved for summary judgment before the TTAB, asserting, among other grounds, that under Uzi Gal v. Action Mfg., C.A. No. 83-2162 (E.D.Pa. July 11, 1985), supra, Gal and his privies were collaterally estopped from opposing IMI's registration. On June 10, 1986, the TTAB granted IMI's motion in part and dismissed Gal's opposition claims for lack of standing.
 
 
 10
 We find no error in the Board's grant of summary judgment in favor of IMI. As the Board correctly noted, under the doctrine of collateral estoppel or issue preclusion, issues which are actually and necessarily decided by a court of competent jurisdiction are normally conclusive in a subsequent suit involving parties to the prior litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979); Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 221 USPQ 394 (Fed.Cir.1983). Further, there is no requirement of identity of parties, that is, both the party asserting the prior judgment and the party against whom it is asserted need not have been parties to the earlier action. It is sufficient that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.
 
 
 11
 This case involves a defensive use of collateral estoppel: IMI seeks to prevent Gal from relitigating the issue of rights in the "UZI" mark by merely "switching adversaries." Parklane Hosiery Co., 439 U.S. at 329. As noted above, in his district court suit against Action, Gal specifically complained that by exploiting the name "UZI," the defendants wrongfully appropriated the commercial value associated with Gal's name and identity. That issue is identical to one now before the TTAB; it was actually litigated in the District Court case and Gal had a full and fair opportunity to try it; decision on that question was necessary to the court's ultimate determination. The District Court's conclusion, that Gal had no right to recover against these defendants for the use of the "UZI" name, is fatal to a prime ground of his opposition to IMI's registration of the UZI mark. As that court noted, "whatever rights associated with the Uzi name plaintiff may have possessed were relinquished to IMI [appellee here] long ago." Having unsuccessfully raised the issue before the District Court, Gal is bound by that tribunal's adverse decision. Allowing him to relitigate the issue in another context against a different defendant would be an endorsement of forum shopping and an unnecessary relitigation of an already decided issue.
 
 
 12
 Similarly, we find no error in the TTAB's legal conclusion that Gal lacks standing to raise the other issues alleged in his amended opposition. To prevail on Counts 1, 3 and 4 (to the extent they involve Secs. 2(c) and 2(a) of the Trademark Act of 1946), Gal would be required to demonstrate the very proprietary rights which the District Court denied him. See, generally, Jewelers Vigilance Comm., Inc. v. Ullenberg Corp., No. 86-1628 (Fed.Cir. June 9, 1987).
 
 
 13
 Gal also lacks standing with respect to his allegations (1) that "UZI" is the common descriptive or generic designation of a certain type of gun; (2) that use of the mark "UZI" on weapons not designed by Gal is deceptively misdescriptive; and (3) that IMI, knowing that "UZI" is a common descriptive term for a certain type of weapon, committed fraud on the Patent and Trademark Office by asserting that "UZI" had no meaning or significance in the trade other than as a trademark for IMI's goods. Having alleged only that he is a designer of arms and ammunition, Gal has not alleged facts sufficient to demonstrate the interest necessary to confer standing. Simply stated, Gal has failed to allege "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult ... questions." Baker v. Carr, 369 U.S. 186, 204 (1962). Conversely, Uzi R & D Associates (of which appellant is a partner), having alleged that it manufactures, markets and sells weapons, satisfies the requisites for standing to raise these issues. That entity still remains in the case with respect to those questions.
 
 
 
 [1]
 Earlier, in 1980, an application for federal trademark registration of "UZI" was filed and ultimately abandoned by Action