**PEOPLES SECURITY LIFE INSURANCE COMPANY, Successor to Peoples Life Insurance Company, Washington, D.C., Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Appeal No. 87–1396.**

United States Court of Appeals, Federal Circuit.

Dec. 1, 1987.

Mark Stone, Milman Stone Poltarak & Finell, New York City, argued for plaintiff-appellant.

David I. Pincus, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Michael C. Durney, Acting Asst. Atty. Gen., Michael L. Paup and Gary R. Allen.

Before RICH and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.

PER CURIAM.

The final decision of the United States Claims Court, upholding taxpayer Peoples Security Life Insurance Company's assessed taxes for 1973 and 1974, is affirmed.

## OPINION

Taxpayer brought a suit in the United States Claims Court to recover federal income taxes and assessed interest paid for tax years 1973 and 1974. Before the trial court's decision in the present case, the Claims Court decided, and the Federal Circuit affirmed, *Ohio National Life Insurance Co. v. United States*, 11 Cl.Ct. 477, *aff'd on op. below*, 807 F.2d 1577 (1987), which squarely dealt with the issues in question in taxpayer's present suit. On April 22, 1987, Judge Wiese decided in the government's favor based on the *Ohio National* decision. The trial court stated that no "legally significant distinction[s]" existed between the taxpayer's suit and *Ohio National* and that the court was bound by the *Ohio National* decision.

We affirm on the basis of Judge Wiese's opinion. We too perceive no significant differences between the taxpayer's suit and the facts and authority of *Ohio National*. Even if this panel wishes to deviate from the holding in *Ohio National*, which we do not, we would be unable to do so since our circuit practice does not permit one three-judge panel to overrule another three-judge panel. *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1573, 221 U.S.P.Q. 394, 400 (Fed.Cir.1983) ("The court may overrule a prior holding having precedential status only by an in banc decision.").

AFFIRMED.