996 F.2d 1236
 29 U.S.P.Q.2d 1457
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ARACHNID, INC., Plaintiff-Appellant,
v.
VALLEY RECREATION PRODUCTS, INC., Defendant-Appellee.
 No. 92-1473.
 United States Court of Appeals, Federal Circuit.
 May 17, 1993.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Aug. 23, 1993.
 
 Before NEWMAN, MAYER and MICHEL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Arachnid, Inc. appeals from the June 26, 1992 decision of the United States District Court for the Northern District of Illinois, Western Division, Case No. 88 C 20299, granting Valley Recreation Products, Inc.'s (Valley's) motion for summary judgment of noninfringement of United States Patent No. 4,057,251 (the '251 patent). Because Arachnid is barred by a prior application of prosecution history estoppel from reasserting equivalents to the recess limitation of clauses 8 and 11 (as now numbered by appellant) of claim 1 and because there is no dispute that the accused device does not literally read on clause 11, we affirm.
 
 DISCUSSION
 
 2
 The '251 patent has been the subject of numerous adjudications. The invention claimed in the '251 patent is an electronically scoring dart board having a number of individually molded plastic target segments with holes for receiving thrown darts. The target segments are movably held, within a web, in individual open-ended cups by a system of ribs. At issue in the present appeal is the recess limitation of claim 1 set out in clause 8 and clause 11. Clause 8 provides that "each target plate be[ ] spaced inwardly from the open end of its respective cup." Clause 11 provides that "the open ends of said cups [are] engageable with the inner sides of said ribs to keep the outer faces of said target plates spaced inwardly from the inner sides of said ribs." Although they dispute whether clause 8 is literally met by the accused device, the parties do not dispute that the accused device does not literally meet clause 11.
 
 
 3
 Valley moved for summary judgment of noninfringement. Valley argued that Arachnid was collaterally estopped to claim equivalents to the recess limitation in clauses 8 and 11 because of prior judgments applying prosecution history estoppel. In granting summary judgment, the district court relied on those judgments.
 
 
 4
 In Arachnid v. Industrial Design Electronic Associates, Inc., Order No. 85-C-338-C (W.D.Wis. Sept. 12, 1985, amended Nov. 22, 1985), both parties presented argument and evidence at trial relating to application of prosecution history estoppel to claim 1. Using a special verdict form, Judge Crabb allowed the jury to consider equivalents only for what are now designated by appellants as clauses 5 and 7[1] of claim 1, which related to the open ended cups which held the target plates. In her written order entering partial judgment on the jury's verdict of infringement, Judge Crabb also stated that the '251 patent was "an improvement patent in a crowded art" and "[f]or that reason alone, it would not be entitled to a broad range of equivalents." Id. at 15 (citing Hughes Aircraft Co. v. United States, 717 F.2d 1351, 1362, 219 USPQ 473, 481 (Fed.Cir.1983)). Judge Crabb further stated:
 
 
 5
 From a reading of the claims and the file wrapper history, I concluded that plaintiff was precluded from arguing any equivalence other than with respect to the hollow cups with recessed target plates. To extend plaintiff's patent claims any further would be to hold that the patent covered any kind of inwardly moving independently-mounted segments. Obviously, it did not, because both the Brenkert patent and Project Arachnid had disclosed that concept.
 
 
 6
 Id. (emphasis added). Therefore, Judge Crabb ruled that prosecution history precluded all equivalents to claim 1 except for equivalents to the structure of the hollow cups which held the target plates in a recessed position. Judge Crabb relied in part on the examiner's statement that the "essence of allowability [was] 'the placement of apertured target plates in cups such that the plates are spaced from the ribs thereby enabling the effect described in the specification.' " Id. (emphasis added). In a later proceeding involving a second redesign of the accused device, Judge Crabb reiterated "plaintiff is precluded from asserting the doctrine of equivalents as to any segments of the target that do not have any perceptible recess." Arachnid v. Industrial Design Elec. Assocs., Inc., Order 85-C-338-C (W.D.Wis. April 14, 1987).
 
 
 7
 Judge Crabb's application of prosecution history estoppel to claim 1 was upheld twice by this court. Arachnid v. Industrial Design Elec. Assocs., Inc., Nos. 86-796/851, slip op. at 4 (Fed.Cir. Sept. 4, 1986) (interlocutory appeal relating to scope of injunction) ("[T]he court's treatment of the alleged prosecution history estoppel and of the doctrine of equivalents were [sic] not erroneous in the circumstances of this case."); Arachnid v. Industrial Design Elec. Assocs., Inc., Nos. 88-1102, -1176, slip op. at 5 (Fed.Cir. Oct. 25, 1988) (later appeal involving the district court's holding with respect to the second redesign of the accused device) ("We have reviewed the merits of the courts' earlier rulings on prosecution history estoppel to the extent of determining whether manifest error was shown and find none.").
 
 
 8
 In the present case, the district court found that claim 1 was not literally infringed and determined that the prior district court adjudication regarding prosecution history estoppel barred the application of the doctrine of equivalents to clauses 8 and 11 of claim 1. The district court also made an independent review of the prosecution history of the '251 patent and concluded that prosecution history estoppel arose as to both clauses 8 and 11. Therefore, the district court granted Valley's motion for summary judgment of noninfringement.
 
 
 9
 Arachnid argues that the district court erred as a matter of law in determining that prosecution history estoppel barred any equivalents to clause 11 of claim 1. Arachnid alleges that the district court misinterpreted the scope and effect of the prior court rulings applying prosecution history estoppel. Therefore, Arachnid argues that those prior rulings should not be given such preclusive effect in the present action. According to Arachnid, because of the incorrect application of prosecution history estoppel, the district court did not reach underlying issues of material fact that would have precluded summary judgment.
 
 
 10
 We review the district court's grant of summary judgment de novo. Avia Group Int'l. Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). "On appeal, a grant of summary judgment will be upheld when there is no literal infringement, 'and a prosecution history estoppel makes clear that no actual infringement under the doctrine of equivalents can be found.' " Jonsson v. Stanley Works, 903 F.2d 812, 816, 14 USPQ2d 1863, 1867-68 (Fed.Cir.1990) (quoting Brenner v. United States, 773 F.2d 306, 307, 227 USPQ 159, 160 (Fed.Cir.1985)). The determination of whether prosecution history estoppel applies is a question of law which this court reviews for legal correctness. LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n, 867 F.2d 1572, 1576, 9 USPQ2d 1995, 1998 (Fed.Cir.1989).
 
 
 11
 Collateral estoppel precludes a party from relitigating issues previously decided in other actions where the following criteria are met: "(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." A.B. Dick Co. v. Burroughs Corp., 713 F.2d 700, 704, 218 USPQ 965, 967 (Fed.Cir.1983), cert. denied, 464 U.S. 1042 (1984). In the instant case, Valley argues that Arachnid is collaterally estopped from asserting equivalents to clause 11 because of the prior court determination that prosecution history estoppel bars any equivalents to claim 1 "other than with respect to the hollow cups with recessed target plates." No. 85-C-338-C, slip op. at 15.
 
 
 12
 The issue presented in Arachnid, No. 85-C-338-C, involving the application of prosecution history estoppel to limit the scope of equivalents to the recess limitation of claim 1, is identical to that in the present action. The parties presented evidence and argument at trial on the application and scope of prosecution history estoppel, and Judge Crabb made a ruling on the issue. Id. at 15. Moreover, this court has twice reviewed and upheld Judge Crabb's ruling. As this court noted on its second review of Judge Crabb's ruling, "[t]he scope of the claim had been fully litigated in the trial court at that time." Arachnid v. Industrial Design Elec. Assocs., Inc., Appeal Nos. 88-1102, -1176, slip op. at 4.
 
 
 13
 Arachnid admits that it is collaterally estopped by the prior court rulings from claiming any equivalents of clause 8, which it refers to as the "recess limitation." Arachnid argues, however, that the prior rulings only involved interpretation of clause 8 and not clause 11, which it refers to as the "engagement limitation." According to Arachnid, because clause 11 was literally infringed in the accused devices at issue in the prior action, equivalence was not at issue there, and as a result, the scope of possible equivalents to the claimed structure was not actually litigated. Therefore, Arachnid argues that the prior rulings with respect to prosecution history estoppel should not collaterally estop it from asserting equivalents to the limitation in clause 11.
 
 
 14
 Arachnid's argument is flawed because it focuses on the accused device, rather than on the prosecution history of the patent.[2] Prosecution history estoppel involves a review of amendments to a claim and the reasons for those amendments in light of the prior art. It does not directly involve an analysis of the accused device.[3] In the prior action, Judge Crabb considered the amendments to the claims during prosecution in light of the examiner's rejections and the prior art. She then concluded that Arachnid was barred from claiming any equivalents to claim 1, except for the "hollow cups with recessed target plates" as set out in clauses 5 and 7. No. 85-C-338-C, slip op. at 15. Therefore, she necessarily considered the scope of all of the limitations of claim 1, including the limitation described in clauses 8 and 11, when reaching her decision. This determination as to the scope and application of prosecution history estoppel is not affected by differences in the accused devices.
 
 
 15
 The previous consideration of equivalent infringement of the "recess limitation" of clause 8, directly impacts our parallel analysis of clause 11 because both clauses relate to the recess of the target plate with respect to the rib. In fact, clause 11 merely specifies how the recess referred to in clause 8 is to be achieved. As a matter of claim interpretation, these two clauses work together to define a single element--the "recess limitation." Therefore, both clauses were necessarily considered to interpret the scope of available equivalents, if any, for the "recess limitation" of claim 1. Clause 8 refers to a recess between the rib and the face of the target plate, whereas clause 11 specifies that the cup engages the inner sides of the ribs "to keep the outer faces of said target plates spaced inwardly from the inner side of the rib." The interrelatedness of the clauses is supported not only by the specification, but also by Arachnid's own expert witness, Dr. Liljequist, who admitted that it was the interrelationship of the spacing of the target plate from the top of the cup (clause 8) along with the engagement of the cup with the ribs (clause 11) which accomplishes the objective of this aspect of the invention as stated in the specification.
 
 
 16
 Arachnid also argues that any determination of prosecution history estoppel as to clause 11 was not essential to Judge Crabb's final judgment in the prior litigation because equivalent infringement of clause 11 was not at issue. This argument is also flawed. "The requirement that a finding be 'necessary' to a judgment [for collateral estoppel to apply] does not mean that the finding must be so crucial that, without it, the judgment could not stand." Mothers Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1571, 221 USPQ 394, 398 (Fed.Cir.1983). "Rather, the purpose of the requirement is to prevent the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation." Id. Arachnid assumes that because the ultimate determination of infringement was specifically directed to clause 8, that consideration of prosecution history estoppel as applied to clause 11 was not essential--i.e. was only "incidental"--to the final judgment. Not so. In the prior litigation, whether the "recess limitation" of claim 1 was met was at issue. Because the second redesign of the accused device did not literally infringe the "recess limitation," it was essential to the final judgment on infringement to determine the scope of available equivalents as to it. As discussed above, because both clause 8 and clause 11 define the same element, they must be considered together when interpreting the "recess limitation." Therefore, the determination of the scope and application of prosecution history estoppel of the "recess limitation" of claim 1, including both clauses 8 and 11, was essential to Judge Crabb's ultimate determination of infringement in the prior action.
 
 
 17
 We have considered Arachnid's other arguments and find them to be without merit. We need not and do not decide Valley's motion to strike portions of Arachnid's corrected brief as it is now moot.
 
 
 18
 We conclude that the prior adjudication with respect to prosecution history collaterally estopped Arachnid from asserting any equivalents relating to clause 11. Therefore, because there was no genuine issue of material fact whether the accused device literally met clause 11, we conclude that Valley was entitled to summary judgment as a matter of law.
 
 
 
 [1]
 Clauses 5 and 7 of claim 1 read as follows:
 cups telescopically receiving said target plates and slidable inwardly and outwardly relative to said support;
 each of said cups having an open outer end and a closed inner end.
 
 
 [2]
 Arachnid relies on a passage from Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1324, 5 USPQ2d 1255, 1258 (Fed.Cir.1987), which states that "[a] device not previously before the court, and shown to differ from those structures previously litigated, requires determination on its own facts." This passage is inapposite, however, because it refers to collateral estoppel of a finding of infringement. A determination of infringement, unlike an application of prosecution history estoppel, does depend directly on an analysis of the accused device
 
 
 [3]
 Once it is determined that application of prosecution history estoppel to possible infringement by equivalents is appropriate because a particular accused device does not literally infringe a claim, the structure of the accused device no longer impacts the final determination of the scope of available equivalents