# In the United States Court of Federal Claims

No.15-962C
(Filed: November 18, 2016)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * *

WOODIES HOLDING L.L.C.,

               *Plaintiff,*

v.

THE UNITED STATES,

               *Defendant.*

Breach of lease; Base year tax amount; Collateral estoppel.

* * * * * * * * * * * * * * * * * * *

## ORDER

This is a breach of lease case concerning four related leases (Nos. 1751, 1809, 1838, 2154) of office space in a commercial building in Washington, DC. Plaintiff contracted with the General Services Administration ("GSA") to lease four floors of office space for use by the Federal Bureau of Investigation. These four leases, one for each floor, were solicited through a single solicitation, which was then incorporated into all four contracts. Among the lease terms was a common provision that obligated the government to pay yearly a proportionate share of real estate taxes assessed against the building when those taxes were higher than the amount paid in the "base year" of the lease, or granted to it a credit should the tax amount fall below the base year amount. Paragraph 3.2 of the leases defined the base year taxes as "1) the real estate taxes for the first 12-month period coincident with full assessment or 2) may be an amount negotiated by the parties that reflects an agreed upon base for a fully assessed value of the property." Plaintiff asserts that it and GSA negotiated just such an amount under the second clause of that provision. It has moved for partial summary judgment on that point as to leases 1751 and 1838. That motion is fully briefed, and oral argument was held on November 8, 2016.

The parties agree that they treated leases 1751, 1809, and 1838 commonly with regard to the issue of reimbursement for property tax payments at the time they were made.[1] In a related action concerning an earlier year's tax payment under lease 1809, we held that the parties had negotiated a base year, which was the first full year of the lease: June 1, 2005 through May 31, 2006. *Woodies Holdings, LLC v. United States*, 115 Fed. Cl. 204, 213-14 (2014). Plaintiff thus moves for summary judgment now under a theory of collateral estoppel and, if not collateral estoppel, that there is no material fact in dispute–because the evidence is the same–that the parties negotiated the base year tax amount based on the first full year of the lease.

Defendant admits that the evidence is almost entirely the same and does not dispute, given our earlier holding, that the base year for lease 1809 was established by negotiation. Likewise, it does not dispute that the parties treated all three leases the same and that the relevant correspondence regarding the issue deals with all three at once. It asks the court, however, to reach a different result because leases 1751 and 1838, although identical, are separate contracts from lease 1809.

The doctrine of collateral estoppel bars a party from litigating anew what has already been determined by a court of competent jurisdiction in a previous suit. *See Mother's Rest, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed. Cir. 1984). The doctrine applies when 1) the issue is identical to the one involved in the prior action; 2) the issue was raised and litigated in that prior action; 3) the resolution of that issue in that prior action was "necessary and essential" to the resulting judgment; and 4) the party precluded was fully represented in the prior action. *Id.* The elements are met here.

The factual issue presented in plaintiff's motion is whether the parties negotiated a base year for leases 1751 and 1838. We concluded in the earlier *Woodies* action that the parties negotiated the base year under the second clause of paragraph 3.2 with respect to lease 1809. The relevant clause is identical in all three contracts. Defendant admits that it treated leases 1751, 1838, and 1809 the same and dealt with them collectively with regard to the base year tax question as is reflected in the parties' correspondence.

---

[1] The base year for purposes of lease 2154 is not in dispute now and was not in dispute at the time the parties discussed the three other leases.

Defendant's only answer is that the claim involved in this case is necessarily different than that in the earlier case because the contracts are distinct. That is not the test for purposes of collateral estoppel, however. It is the issue that must be common, not the claim, for the prior judgment to have a preclusive effect. *See generally* Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). That test is met here. Defendant is thus foreclosed from asserting a different result in this later action. That the parties negotiated a base year tax amount based on the first lease year as the base year for leases 1751 and 1838 is thus controlling here.

Accordingly, plaintiff's August 16, 2016 motion for partial summary judgment is granted. The parties are directed to file a joint status report on or before December 1, 2016, regarding further proceedings.

    s/ Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge