**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GERALDINE TALLEY HOBBY,<br>                    Appellant, | DOCKET NUMBER<br>DC-831E-20-0322-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: July 9, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Geraldine Talley Hobby, Mitchellville, Maryland, pro se.

Jane Bancroft and Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which found that collateral estoppel barred the instant appeal of the reconsideration decision by the Office of Personnel Management (OPM) denying her application for disability retirement benefits. For the reasons discussed below, we GRANT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a Teacher for the District of Columbia Public School System (DCPS) from 1967 until 1992. Initial Appeal File (IAF), Tab 7 at 25. In 2006, she filed a Board appeal asserting that the DCPS improperly denied her disability retirement benefits. *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-06-0499-I-1, Initial Decision (0499 ID) at 1 (June 7, 2006); IAF, Tab 13 at 48. The administrative judge assigned to the matter issued an initial decision finding that the Board lacked jurisdiction over the appeal because the appellant failed to establish that OPM denied her application for retirement benefits in a final or reconsideration decision. 0499 ID at 1-2; IAF, Tab 13 at 48-49. In so holding, the administrative judge additionally appears to have found that the Board also lacked jurisdiction because the appellant appeared to be covered by the D.C. Teachers' Retirement System, rather than either the Civil Service Retirement System (CSRS) or the Federal Employees' Retirement System (FERS). 0499 ID at 2; IAF, Tab 13 at 49. The appellant filed a petition for review, which the Board denied, and thus the initial decision became final on September 7, 2006. *Hobby v. Office of Personnel Management*, MSPB Docket No. DC-831E-06-0499-I-1, Final Order at 1-2 (Sept. 7, 2006); IAF, Tab 13 at 14-15.

In August 2018, at the appellant's request, OPM sent her separate applications for deferred, disability, and immediate retirement. IAF, Tab 7 at 61. OPM informed the appellant that the applications for disability and immediate retirement were the same form and that it checked the box for disability retirement for her. *Id.* On or about November 10, 2018, the appellant filed an application for disability retirement under CSRS with OPM. IAF, Tab 13

at 146-53. On November 27, 2018, OPM issued a final decision denying the appellant's application for annuity benefits under FERS.[2] IAF, Tab 7 at 62. The following day, OPM informed the appellant that her application for disability retirement appeared untimely filed and requested evidence necessary for a competency determination. *Id.* at 63-64. On February 27, 2019, OPM again informed the appellant that her disability retirement application appeared untimely and requested evidence to make a competency determination. *Id.* at 65. On March 8, 2019, OPM informed the appellant that it had determined that she had no creditable service under CSRS and therefore its prior two requests for competency verification were rescinded. *Id.* at 8. Shortly thereafter, OPM issued an initial decision finding that the appellant was not entitled to disability retirement benefits under CSRS. *Id.* at 9. After the appellant requested reconsideration, OPM determined that she was covered under the D.C. Teachers' Retirement System and took a refund of her contributions to this retirement system after her separation from the DCPS. *Id.* at 4, 6. OPM further concluded that there was no evidence the appellant made any contributions to CSRS and thus she was not entitled to a retirement annuity under that system. *Id.* at 4. OPM therefore dismissed the appellant's disability retirement claim in a final reconsideration decision. *Id.*

The appellant appealed OPM's decision to the Board, asserting her entitlement to CSRS retirement benefits. IAF, Tab 1 at 3-6. Once OPM submitted its agency file, the administrative judge advised the parties that it appeared the doctrine of collateral estoppel applied and ordered the appellant to file evidence and argument to prove that her claim was not barred by collateral estoppel. IAF, Tab 20 at 2-3. No further discussion was held on the merits of the

[2] It is unclear whether the appellant also filed an application for retirement under FERS or whether OPM mistakenly referenced FERS instead of CSRS. Moreover, the record does not appear to contain an initial decision by OPM regarding the appellant's application for immediate retirement under FERS or CSRS. There also does not appear to be a final decision on the appellant's application for immediate retirement under CSRS.

appellant's case. After the parties responded, the administrative judge issued an initial decision dismissing the appeal as barred by collateral estoppel. IAF, Tab 37, Initial Decision (ID) at 1. In so holding, the administrative judge found that the issue in the case at hand was identical to the issue in the appellant's prior Board appeal, the issue was litigated in that prior action, the determination on the issue was necessary to the resulting judgment, and the appellant was fully represented in the prior action. ID at 3-5.

The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 12, 23. The appellant argues that none of the elements of collateral estoppel have been met, challenges the administrative judge's decision to not recuse herself, and asserts that she set out a prima facie case of discrimination regarding her termination from the DCPS. PFR File, Tab 12 at 13-14, 27.

## DISCUSSION OF ARGUMENTS ON REVIEW

This appeal is not barred by the doctrine of collateral estoppel.

The appellant challenges the administrative judge's application of collateral estoppel, and she asserts that a full and fair hearing has not been held. PFR File, Tab 12 at 14. We agree.

Collateral estoppel, or issue preclusion, is appropriate when the following conditions are met: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action. *Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 8 (2008). Regarding the third element, a determination in a prior action is necessary to the resulting judgment when, had the appellant prevailed on the issue, the outcome would have changed. *See Luna v. Department of the Air Force*, 87 M.S.P.R. 232, ¶ 8 (2000) (finding a determination was not necessary to

the resulting judgment when it would not have affected the outcome). The purpose of this third requirement is "to prevent the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation." *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1570-71 (Fed. Cir. 1983).

The 2006 initial decision held that the Board lacked jurisdiction because the appellant had not shown that she filed an application for retirement with OPM, or that OPM had denied her application in a final or reconsideration decision. 0499 ID at 2; IAF, Tab 13 at 49; *see* 5 C.F.R. §§ 831.109(f), 831.110 (setting forth the right to appeal a final or reconsideration decision by OPM to the Board). The administrative judge alternatively found that the information submitted with the appellant's initial appeal "appears to show that she was covered by the D.C. Teachers' Retirement System, not CSRS or FERS." 0499 ID at 2; IAF, Tab 13 at 49. We find that this finding was immaterial to the determination that the Board lacked jurisdiction over the appeal. Indeed, the determination of whether OPM had issued a final or reconsideration decision was a jurisdictional one, whereas the appellant's coverage by CSRS or any other retirement system was a merits question. *See Mangaliag v. Office of Personnel Management*, 65 M.S.P.R. 227, 230 (1994) (finding it would be inappropriate for an administrative judge or the Board to address the merits of the appellant's entitlement to disability retirement benefits if OPM's reconsideration decision had not first adjudicated the issue); *see also Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 19 (2011) (finding the Board generally has jurisdiction over an OPM determination on the merits of a matter affecting the rights or interests of an individual under CSRS only after OPM has issued a final decision). As such, a finding that the appellant was or was not covered by CSRS was not necessary to the resulting judgment in the 2006 appeal, as the Board nonetheless lacked jurisdiction to decide that issue in the absence of a reconsideration decision by OPM. Accordingly, we will not apply the doctrine of

collateral estoppel in this circumstance, and we remand this appeal for further development of the record and to hold the appellant's requested hearing.

As noted above, it is unclear from the record below whether the appellant is appealing the denial of her application for immediate retirement or disability retirement. OPM appears to have issued a final decision on the appellant's application for disability retirement benefits under CSRS and immediate retirement under FERS. IAF, Tab 7 at 4, 62. Although its initial decision under CSRS concerns only disability retirement benefits, the reconsideration decision appears to reference the appellant's application for both CSRS benefits and disability retirement benefits. *Id.* at 4, 9. On remand, the administrative judge should clarify which decisions the appellant is appealing and develop the record as necessary.

<u>The administrative judge did not abuse her discretion in denying the appellant's motion for recusal.</u>

The appellant on review argues that the administrative judge erred in denying her motion that she recuse herself. PFR File, Tab 12 at 13. When a motion for recusal is made, the Board will review the administrative judge's denial of the motion for an abuse of discretion. *Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶¶ 7-12 (2004), *aff'd*, 158 F. App'x 267 (Fed. Cir. 2005). The Board's regulations provide that a party may file a motion asking the administrative judge to withdraw on the basis of personal bias or other disqualification. 5 C.F.R. § 1201.42(b). In making a claim of bias or prejudice against an administrative judge, a party must make a substantial showing of personal bias to overcome the presumption of honesty and integrity of administrative judges. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d

1358, 1362-63 (Fed. Cir. 2002). The appellant appeared to argue that the administrative judge should recuse herself because of her handling of the appellant's motions for extensions of time. IAF, Tab 24 at 5. Claims of perceived adjudicatory errors do not provide a basis for recusal, and the Board will not infer bias based on an administrative judge's case-related rulings. *See Vaughn*, 119 M.S.P.R. 605, ¶ 18; *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 6 (2002). The appellant argues on review that it "felt that the [administrative judge] was leaning towards the OPM [representative]" and did not appear to know what laws to apply. PFR File, Tab 12 at 13. The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that she showed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Vaughn*, 119 M.S.P.R. 605, ¶ 18.

Unrelatedly, the appellant on review additionally argues that she established a prima facie case of employment discrimination apparently regarding the DCPS's decision to terminate her employment. PFR File, Tab 12 at 27. The underlying merits of her termination are outside the scope of the instant appeal, and thus we decline to consider these arguments. Additionally, the appellant on review argues that the administrative judge abused her discretion in denying her motions to extend the time to submit evidence. *Id.* at 13-14. We need not address this argument as we are remanding this appeal and reopening the record.

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                   _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.