C. Lester PAUL, d/b/a/ Viking
Petroleum Properties, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 362–87L.

United States Claims Court.

Feb. 15, 1989.

John R. Lowery, Atlanta, Ga., for plaintiff.

Margaret M. Sweeney, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

Before the court is plaintiff C. Lester Paul's motion for partial summary judgment. Paul has moved that the court hold (1) that his claim is timely before this Court; (2) that the United States took certain property of his on or about June 27, 1977; and (3) that the United States owes interest on his claim. For the reasons which follow, the motion is granted in part.

## BACKGROUND

In the early 1970's, plaintiff, doing business as Viking Petroleum Properties, obtained the oil and gas rights to property owned by William Wells, either directly from Wells or through assignment by Homer Robinson, a lessee of Wells. Wells subsequently sued Paul to terminate the lease to Viking based on an asserted breach of the lease. The suit was filed in the Lawrence County (Kentucky) Circuit Court, and on October 29, 1976, the court entered its judgment terminating the lease and allowing Paul 90 days to enter the property to remove certain oil and gas drilling-related equipment.

Paul did not remove the equipment within 90 days, however, and on May 16, 1977, Wells sought a restraining order to prevent Paul from entering the property. The or-

der issued, but Paul sought and received a dissolution of the restraining order on January 19, 1978. He was then permitted to remove oil and gas equipment from the property under no particular time frame.

Before the property was removed, the Army Corps of Engineers brought suit on June 27, 1977, in the United States District Court for the Eastern District of Kentucky seeking to condemn the land in question. Wells and persons other than Paul were named as defendants. On June 29, 1977, the court entered a judgment condemning the land and transferring ownership to the United States. These condemnation proceedings began before Paul was granted the dissolution of the restraining order.

On April 16, 1980, Paul filed a notice of appearance and was thereafter a defendant in the condemnation action. On May 20, 1987, the district court entered an order determining that the oil and gas equipment on the property was personalty, that it had not been abandoned prior to the condemnation action and that it belonged to Paul. It went on to hold that pursuant to the Tucker Act, 28 U.S.C. § 1491 (1982), Paul's claims were properly before this court, and by the district court's order of June 10, 1987, Paul's claims were transferred here.

## DISCUSSION

### I. Timeliness

■ Under 28 U.S.C. § 2501 (1982), a litigant has six years after the accrual of a claim to file an action in this court. Paul alleges that the taking occurred on June 27, 1977, the day the condemnation action was filed. Assuming that was in fact the date of taking, this action should have been commenced before June 27, 1983. In fact the action in this court commenced June 19, 1987. Defendant therefore contends in its answer that the action is time-barred. Plaintiff anticipates defendant's affirmative defense, however, and asks the court to rule that the action is timely.

The transfer statute, 28 U.S.C. § 1631 (1982), provides that after transfer, the action proceeds as if it had been filed in the transferee court "on the date it was actually filed in or noticed" for the transferor court. To apply section 1631, the original court must necessarily determine that it lacks jurisdiction, that transfer is in the interest of justice, and that the action could have been brought in the transferee court at the time it was filed.

There is no question that section 1631 was properly invoked here. Plaintiff's claim is for an inverse condemnation of equipment by the United States, and since it exceeds $10,000, the Claims Court clearly has jurisdiction to the exclusion of the district court. *Aulston v. United States,* 823 F.2d 510, 512 (Fed.Cir.1987); *Armijo v. United States,* 229 Ct.Cl. 34, 663 F.2d 90 (1981).

By the terms of section 1631, Paul's complaint is treated as having been filed here on April 16, 1980. For aught that appears thus far, that is within the limitations period. However, plaintiff does not prevail on its motion for partial summary judgment on this issue since the date of the taking, a material fact in determining the timeliness of the claim, remains disputed. The court thus declines to go further, to rule that the action is in fact timely, until defendant has had an opportunity to challenge the asserted date of taking.

### II. Collateral Estoppel

■ Plaintiff seeks, by application of collateral estoppel, to assert in this action all the district court's fact findings, as well as its ultimate conclusion that there had been a taking by the United States.

Collateral estoppel provides that once a court of competent jurisdiction has decided an issue of fact or law necessary to its judgment, that determination is conclusive in subsequent litigation involving a party to the prior case. *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The elements to be established were itemized in *Mother's Restaurant v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 (Fed.Cir.1983) (footnote omitted):

> (1) the issues to be concluded are identical to those involved in the prior action; (2) in that action the issues were raised and "actually litigated"; (3) the determination of those issues in the prior action

was necessary and essential to the resulting judgment; and (4) the party precluded ... was fully represented in the prior action.

Defendant contends that since the district court found that it did not have jurisdiction over Paul's inverse condemnation claim, the third element listed above is not met. The court disagrees. There is no question that the district court had jurisdiction over the underlying condemnation action brought by the United States under 28 U.S.C. § 1358. As the court held in *United States v. 29.16 Acres*, 496 F.Supp. 924, 927 (E.D.Pa.1980) (quoting *United States v. 1,629.6 Acres*, 503 F.2d 764, 766 (3rd Cir. 1974)):

> A district court has jurisdiction in a condemnation proceeding brought by the United States to fix the amount of compensation to be awarded, and to apportion the award among the various claimants. This "necessarily includes the power to determine who among the competing claimants owns the condemned land."

Plaintiff correctly applies that analysis in his reply brief:

> The issue of ownership of the equipment therefore arose, since if ownership was in the fee holder (Wells), Wells would get the entire fund, but if ownership was in the tenant, Paul, then Paul would get a proportionate share. 42 U.S.C. § 4652(b)(1). Wells contested ownership, so Paul could not be paid directly, 42 U.S.C. § 4652(b)(2); rather, the court had to determine ownership in order to apportion the award properly.

That is, if Wells owned the equipment, he would be entitled to the entire condemnation award, and no separate valuations would be necessary with respect to the equipment. Incidental to the finding on ownership, the district court had to determine whether the equipment was on the land at the time of the condemnation, whether it was personalty or fixtures, and whether it had been abandoned prior to the date of condemnation. Since these findings

were necessary to the court's proper exercise of its jurisdiction under section 1358, they are given collateral estoppel effect here.

 The question of whether there was a taking, however, was not before the district court. Its conclusion that defendant's conduct constituted a taking was beyond its jurisdiction and is therefore not entitled to collateral estoppel effect. Once the district court determined that the claim was properly characterized as an inverse condemnation in excess of $10,000, the matter was properly before this court, and the district court lost jurisdiction to proceed as to Paul. While the court's ruling here obviously advances plaintiff's claim that an inverse condemnation occurred, issues of fact remain that preclude final determination of the issue.*

### III. Interest

Paul asks that the court rule that he is entitled to interest on the value of the property allegedly taken. While plaintiff is correct that just compensation includes interest from the date of taking to the date of payment, *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10, 104 S.Ct. 2187, 2194, 81 L.Ed.2d 1 (1984); *Economic Dev. and Indus. Corp. v. United States*, 13 Cl.Ct. 590, 604 (1987), a present determination that interest is due is premature since as yet no taking has been established.

### CONCLUSION

Plaintiff's motion is granted in part. The court finds that plaintiff owned the equipment in question at the time of the condemnation of the land. Summary judgment is otherwise denied. The parties are directed to file a joint status report proposing a schedule for Appendix G filings or other resolution of the action on or before March 10, 1989.

---

* Plaintiff's counsel conceded at oral argument that there may be a remaining question about activities after the condemnation was commenced, i.e., whether the property was aban-

doned after that time. In addition, at oral argument, a question was raised as to whether the actual date of taking has to be the date of the condemnation.