Ned A. FIXEL

v.

The UNITED STATES.

No. 90–92L.

United States Claims Court.

June 10, 1992.

Royce B. Lee, Idaho Falls, Idaho, Atty. of record, for plaintiff.

David F. Shuey, Washington, D.C., with whom was Asst. Atty. Gen. Richard B. Stewart, for defendant.

## OPINION

YOCK, Judge.

This takings case is before the Court on the defendant's motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(4), Rules of the United States Claims Court (RUSCC). For the reasons stated herein, the defendant's motion is granted, and the plaintiff's complaint will be dismissed.

## FACTS

The facts in this case are not in dispute. In 1980, Congress enacted the Central Idaho Wilderness Act (CIWA), Pub.L. No. 96–312, 94 Stat. 948 (1980), with an effective date of July 23, 1980. CIWA incorporated various sections of the Salmon River in Idaho into the National Wild and Scenic Rivers System and placed restrictions on the conduct of mining operations on lands adjacent to the Salmon River. *See* 16 U.S.C. § 1274(a)(24) (1988). Specifically, the CIWA prohibited dredge and placer mining within the Middle Fork of the Salmon River and its tributary streams.

Mr. Fixel purchased two mining claims, the Dan 2 and the Dan 3, in 1983. These claims were on Silver Creek, a tributary of the Middle Fork of the Salmon River. The claims were outside the banks of the creek but were within its watershed. On August 25, 1983, Mr. Fixel applied to the United States Forest Service (Forest Service) for approval to begin mining on these sites.

The Forest Service was authorized by Congress to implement the CIWA. In its interpretation of the CIWA, the Forest Service determined that mining near tributaries of the Salmon River was allowed if conducted outside the "perceptible banks above ordinary high water * * *." *Idaho Evntl. Council, Inc. v. Peterson*, No. 84–1361, slip op. at 4 (D.Idaho Jan. 22, 1986) (quoting the Forest Service's Public Notice and Notice of Prohibition). Therefore, in September, 1984, the Forest Service approved Mr. Fixel's application to mine the Dan 2 and the Dan 3 sites because they were above the high water mark of Silver Creek.

Meanwhile, on August 31, 1984, the Idaho Environmental Council, Inc. filed suit in the United States District Court for the District of Idaho against the Forest Service, Mr. Fixel, and others, seeking to enjoin mining operations near Silver Creek on the grounds that such mining violated the CIWA. The Idaho Environmental Council alleged that the CIWA prohibited dredge and placer mining throughout the entire watershed and drainage area of the Middle Fork of the Salmon River and that the Forest Service's approval of mining above the high water mark was, therefore, incorrect and in violation of the law. On January 22, 1986, Judge Taylor of the United States District Court for the District of Idaho entered judgment ordering the Forest Service to rescind approval of the mining proposals and enjoining Mr. Fixel from dredge or placer mining on the Dan 2 and Dan 3 claims on Silver Creek. *Idaho Evntl. Council, Inc. v. Peterson,* slip op. at 2. The District Court found that the Forest Service's interpretation of the CIWA, which allowed mining above the high water mark, was in conflict with and contrary to the congressional intent embodied in the CIWA. On November 4, 1986, the Forest Service recinded its prior approval of Mr. Fixel's mining plan.

In 1987, Mr. Fixel filed a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982), alleging that the Forest Service intentionally misrepresented the CIWA and requesting damages in the amount of $300,000. The District Court denied his claim and granted the Government's motion to dismiss. *Fixel v. United States,* No. 87–4158, 1989 WL 260198 (D.Idaho July 31, 1989). Mr. Fixel then filed suit in this Court on January 30, 1990.

### DISCUSSION

■ In the instant action, the plaintiff alleges that the Forest Service's revocation of the approval to mine resulted in a permanent and substantial interference with the use and enjoyment of his property amounting to a taking of an interest in his property without just compensation, in violation of the fifth amendment to the Consti-

tution. Also, Mr. Fixel argues that the Forest Service's initial erroneous interpretation of the CIWA and its concomitant approval of his mining application constitute misconduct such that the Government should be estopped from denying its liability to Mr. Fixel for the reduction in value of his property when the approval to mine was later rescinded.

In countering the plaintiff's arguments, the defendant asserts that, because the CIWA prohibited dredge and placer mining as of its effective date in 1980, Mr. Fixel could not have received a valid property interest in mining these claims when he acquired them in 1983, some three years later. Further, the defendant argues that it is not estopped from denying liability in the instant suit because the Forest Service acted outside the bounds of its authority when it approved Mr. Fixel's application, and the Government is not bound by its agents acting beyond the scope of their authority. Finally, the defendant denies the allegation of misconduct and claims that this issue has already been litigated and decided against the plaintiff in an earlier case, thereby barring the relitigation of the issue in this forum.

■ Plaintiff's first argument, that the Forest Service's revocation of the approval to conduct mining constituted a taking of a property interest without just compensation, encounters an insurmountable obstacle. The Government asserts that the right to mine the claims was actually taken away by the enactment of the CIWA in 1980, not by the Forest Service's revocation of approval after the District Court's decision in 1986. This Court agrees with this assertion. As the District Court stated, "[t]he Central Idaho Wilderness Act of 1980 prohibited as of the effective date of said Act dredge and placer mining in any form within the watershed and drainage area of the Middle Fork of the Salmon River and all of its tributaries." *Idaho Evntl. Council, Inc.,* slip op. at 5. Plaintiff acquired the Dan 2 and Dan 3 claims in 1983, after the effective date of the CIWA (1980), and, therefore, could not have ac-

quired a compensable interest to mine the property because this interest was already extinguished by the CIWA. *Cameron v. United States*, 252 U.S. 450, 456, 460, 40 S.Ct. 410, 411, 412, 64 L.Ed. 659 (1920) (no mining claim could be shown after date land closed to mining); *Brown v. United States Dep't of Interior*, 679 F.2d 747 (8th Cir.1982) (mining claims void where land withdrawn from mineral entry by statute); *Clawson v. United States*, 24 Cl.Ct. 366 (1991) (prospector could not have acquired compensable property right in mining claim where the CIWA had already closed to mining lands upon which claim was located). Compensation for a taking is only due to the owner of the property at the time the taking occurred, not to an owner at either an earlier or a later date. *Danforth v. United States*, 308 U.S. 271, 284, 60 S.Ct. 231, 236, 84 L.Ed. 240 (1939). Plaintiff did not own the Dan 2 and Dan 3 claims at the time the CIWA went into effect. Thus, any compensable interest in mining the claims was already extinguished before the plaintiff owned the claims, and he is not entitled to compensation for any taking that occurred prior to his ownership.

█ The plaintiff attempts to overcome this obstacle through his second argument; namely, that the defendant should be estopped from denying plaintiff's claim because of the defendant's own misconduct. Plaintiff alleges that the Forest Service's erroneous interpretation of the CIWA to allow mining above the high water mark led plaintiff to acquire and develop the Dan 2 and the Dan 3 claims. Because the Forest Service erred in adopting a policy which allowed such mining, and plaintiff relied upon this policy, plaintiff avers that this error constitutes affirmative misconduct by the Government such that the Government should be estopped from denying that plaintiff possessed a compensable property right.

The defendant denies that such an error can be the basis for the imposition of estoppel against the Government because it constitutes an act outside the scope of the agent's authority to bind the Government. Also, the defendant asserts that the Forest Service's interpretation of the CIWA, although erroneous, does not constitute affirmative misconduct and that the plaintiff has already litigated and lost on this issue.

█ Again, the defendant has the better of these arguments. Estoppel against the Government is rare and will not lie against the Government as against private litigants. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 2469, 110 L.Ed.2d 387 (1990) (*OPM*). The Government cannot be bound by the mistaken representations of an agent unless the representations are clearly within the scope of the agent's authority. *Id.* The decision of the District Court made it clear that the Forest Service was acting outside the scope of its authority when it approved mining claims along Silver Creek because such mining was prohibited by the CIWA. *Idaho Evntl. Council, Inc.*, slip op. at 5. Thus, the Government cannot be bound by the Forest Service's unauthorized and erroneous approval of the plaintiff's mining claim. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

█ As earlier indicated, the plaintiff also alleges that the Forest Service's mistaken interpretation of the CIWA and its subsequent approval of his mining application constitute affirmative misconduct. Relying on several cases, most notably *Watkins v. United States Army*, 875 F.2d 699, 708–11 (9th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990) (ongoing active misrepresentations by officials acting within the scope of their authority are sufficient grounds to support estoppel against Government), plaintiff asserts that affirmative misconduct can justify the invocation of estoppel against the Government. However, the question of whether estoppel can be asserted against the Government on any grounds remains open. *See OPM*, 110 S.Ct. at 2471; *JANA, Inc. v. United States*, 936 F.2d 1265, 1270 (Fed.Cir.1991). In any event, this Court does not need to decide whether estoppel can operate against the Government based on an agent's affirmative misconduct because the error in interpretation by the

Forest Service does not rise to the level of affirmative misconduct. Although no clear definition of affirmative misconduct has emerged in the case law in this area, it is clear that it must be "something more than mere negligence." *TRW, Inc. v. Federal Trade Comm'n*, 647 F.2d 942, 951 (9th Cir.1981). Plaintiff has already litigated the issue of whether the Forest Service's incorrect interpretation of the CIWA was more than "mere negligence" in a suit he filed in 1987 against the United States under the Federal Tort Claims Act. In that case, plaintiff alleged that the Forest Service intentionally misrepresented the CIWA. The Federal District Court, however, granted the Government's motion to dismiss and found that:

> After reviewing the statute and the position taken by the Forest Service, this Court is of the opinion that the defendant's interpretation was reasonable. * * * [T]he evidence does not support the plaintiff's theory that the Forest Service blatantly refused to interpret the law as Congress intended.

*Fixel v. United States*, slip op. at 4–5. Therefore, under the doctrine of issue preclusion, the plaintiff is bound by the District Court's determination that the Forest Service's erroneous interpretation of the CIWA was neither intentional nor negligent, and plaintiff may not relitigate that issue in this Court. *Mother's Restaurant Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed.Cir.1983). Accordingly, the plaintiff cannot prove affirmative misconduct by the Government, and his attempt to gain an estoppel against the Government must fail.

In summation, it is clear that the plaintiff cannot show that he possessed a property interest in his mining claims which was taken by the Government without just compensation. Also, plaintiff is unable to support the requirements of an estoppel against the Government because it is apparent that the Forest Service acted outside the scope of its authority when it approved the plaintiff's mining plan, and there was no affirmative misconduct by the Forest Service in so doing.

## CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss for failure to state a claim upon which relief can be granted is allowed and the plaintiff's complaint will be dismissed.

No costs.