29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. COOPER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 94-3143.
 United States Court of Appeals, Federal Circuit.
 June 14, 1994.
 
 Before RICH, NEWMAN, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph L. Cooper appeals the November 23, 1993 initial decision of the Merit Systems Protection Board (Board) in Docket No. CH-0752-93-0624-I-1 dismissing on the ground of res judicata, Mr. Cooper's appeal of his removal by the United States Army Corps of Engineers. The initial decision became final on December 28, 1993, no petition for review having been filed. We affirm.
 
 DISCUSSION
 
 2
 Mr. Cooper, an Employee Development Specialist, GS-235-12, in the Civilian Personnel Office of the Department of the Army, was removed from Federal Service, effective July 12, 1983, for making false statements about his education on his employment application and on other official documents.
 
 
 3
 Mr. Cooper appealed his removal to the Board alleging that his removal was in retaliation for prior complaints with the Equal Employment Opportunity Commission (EEOC) and was based on racial discrimination. In an initial decision dated September 8, 1983, the Board sustained the removal and specifically found that Mr. Cooper had failed to show both a causal relationship between his removal and the prior EEOC complaints and discrimination based on race. The initial decision became a final Board decision on October 13, 1983. Mr. Cooper filed a petition for review on January 18, 1984, which was dismissed as untimely.
 
 
 4
 On August 1, 1983, Mr. Cooper filed a formal complaint with the Equal Employment Opportunity Commission (EEOC). Ten years later, after the complaint was cancelled and remanded twice, in a letter dated August 27, 1993, the Department of the Army denied Mr. Cooper's complaint. On September 16, 1993, Mr. Cooper appealed the Army's decision to the Board. On October 4, 1993, the Army submitted a motion to dismiss the appeal based on res judicata. The Board granted the Army's motion on November 23, 1993 and dismissed Mr. Cooper's appeal. The dismissal became final on December 28, 1993. Mr. Cooper appealed to this court on January 3, 1994.
 
 
 5
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 The doctrine of collateral estoppel prevents relitigation of previously decided issues and is applicable to previous Board determinations. Thomas v. General Services Admin., 665 F.2d 661, 664 (Fed.Cir.1986). The doctrine is generally applicable if (1) the issue previously adjudicated is identical with that now presented; (2) that issue was actually litigated in the prior case; (3) the previous determination of that issue was necessary to the judgment in the first case; and (4) the party precluded was fully represented in the first case. Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed.Cir.1983).
 
 
 7
 In his August 1983 EEOC complaint, the subject of the present appeal, Mr. Cooper asserted discriminatory conduct based on alleged retaliation for previous EEOC complaints and alleged racial discrimination. These issues were raised and finally decided in Mr. Cooper's former appeal of his removal to the Board. Because each of the factors listed above is met in this case, the doctrine of collateral estoppel bars relitigation of those issues. The Board decision on appeal correctly dismissed this appeal on the ground of res judicata and must be affirmed.