

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2006

# Hofmann v. Pressman Toy

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hofmann v. Pressman Toy" (2006). *2006 Decisions.* Paper 774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3681

ELSA O. HOFMANN,
                    Appellant

v.

PRESSMAN TOY CORPORATION;
JAMES PRESSMAN; SAM GOLDBERG;
SUSAN ADAMO; W. DREW KASTNER;
JOSEPH H. LESSEM, ESQ.

On appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 05-cv-02456)
District Judge: Honorable William J. Martini

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2006
Before:  SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges

(Filed: July 7, 2006 )

OPINION OF THE COURT

PER CURIAM

    Elsa O. Hofmann appeals pro se from an order of the United States District Court

for the District of New Jersey dismissing her complaint.  Hofmann filed the underlying

lawsuit in New Jersey Superior Court, alleging that Appellees' children's game, "Dizzy

Dizzy Dinosaur," infringed on her copyright for her unpublished children's game "Prehistoric Animal Game."  Over Hofmann's objections, Appellees removed the action to the District Court and moved to dismiss Hofmann's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6).  In their motion, Appellees argued that Hofmann had not properly served the complaint and that the doctrines of res judicata and collateral estoppel barred her claim.  Appellees also moved for Rule 11 sanctions against Hofmann.  The District Court granted Appellees' motion to dismiss, noting that Hofmann's complaint contained the same claims and issues raised in previously filed (and dismissed) complaints dating back to 1990.  The District Court also granted Appellees' Rule 11 motion, awarding them attorneys' fees and costs in a judgment against Hofmann.  Hofmann timely appealed from both the judgment of dismissal and the judgment awarding attorneys' fees and costs.[1]

The District Court had jurisdiction pursuant to 28 U.S.C. § 1338.  We have appellate jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's dismissal under Rule 12(b)(6) is plenary, see Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), as is our review of the District Court's application of the doctrines of claim and

---

[1]The District Court has since vacated its award of attorneys' fees and costs, thereby rendering that portion of Hofmann's appeal and her "Motion To Stay Judgment" moot. See Hofmann v. Pressman Toy Corp., No. 05-cv-02456 (order entered on February 9, 2006).  Although Hofmann argues that the District Court's order vacated the judgment of dismissal as well, the language of the order clearly shows otherwise:  "Ordered that this Court's Order of July 25, 2005 (Doc. No. 19) *as to the grant of attorney's fees and costs* is VACATED."  See id. (emphasis added).

issue preclusion, which forms the basis for the dismissal.[2]  See Churchill v. Star

Enterprises, 183 F.3d 184, 189 (3d Cir. 1999) (internal citation omitted).  We accept as

true the factual allegations contained in the complaint and all reasonable inferences that

can be drawn from them, and we determine whether, under any reasonable reading of the

pleadings, Hofmann may be entitled to relief.  See Nami, 82 F.3d at 65.

Hofmann's first copyright suit in the District Court based on "Dizzy Dizzy

Dinosaur" was filed in 1990 and was heard before the Honorable Dickinson R.

Debevoise.  See Hofmann v. Pressman Toy Corp., 790 F.Supp. 498 (D.N.J. 1990), aff'd,

947 F.2d 935 (3d Cir. 1991).  Judge Debevoise granted summary judgment against

Hofmann, holding that she could not make out a copyright claim because there was no

evidence that the defendants had access to her work.  See id. at 505.  Hofmann filed four

subsequent complaints in the District Court, raising the same claim based on "Dizzy

Dizzy Dinosaur."[3]  Each of those complaints was dismissed, and the dismissals were

affirmed on appeal.

Claim preclusion and issue preclusion are related, but distinct, concepts.  Whereas

claim preclusion prevents a party from re-litigating claims she might have but did not

---

[2]In order to minimize confusion arising from the frequent interchangeable use of "res judicata" and "collateral estoppel," we use the term "claim preclusion" instead of "res judicata" and "issue preclusion" instead of "collateral estoppel."  See Rider v. Pennsylvania, 850 F.2d 982, 989 (3d Cir. 1999).

[3]See, e.g., Hofmann v. Pressman Toy Corp., D.N.J. Civ. No. 97-599 (Hon. Nicholas H. Politan); Hofmann v. Pressman Toy Corp., D.N.J. Civ. No. 97-532 (Hon. Mary L. Cooper); Hofmann v. Pressman Toy Corp., D.N.J. Civ. No. 96-5740 (Hon. Nicholas H. Politan); Hofmann v. Pressman Toy Corp., D.N.J. Civ. No. 95-0752 (Hon. Mary L. Cooper).

assert in the first action, issue preclusion forecloses only a matter actually litigated and essential to the decision. See Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). Both claim and issue preclusion serve the same policy goals of conservation of judicial resources, fostering reliance on judicial action, and avoidance of the expense and vexation accompanying multiple lawsuits. See E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (internal citation omitted). See also Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991) (Issue preclusion promotes the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.")

Hofmann's 70-page complaint is a rambling exposition focusing on Judge Debevoise's alleged errors in the 1990 proceedings. Hofmann argues that her current complaint differs from her previous complaints because it includes allegations that Appellees copied elements of her game "Mining In Outer Space" in addition to "Prehistoric Animal Game." While the current complaint does contain such allegations, this does not redeem it from either claim or issue preclusion. Hofmann's "Mining In Outer Space" allegations are inextricable from her underlying "Dizzy Dizzy Dinosaur" claim and do not constitute a separate "claim."

Similarly, to the extent that these allegations are viewed as an "issue" rather than a "claim," they have been previously litigated. Hofmann asserts that she presented evidence supporting her "Mining In Outer Space" allegations in the 1990 proceedings and that Judge Debevoise "overlooked" her evidence, because he "preferred to go along with

4

Lessem's perjury that none of my space games were involved than [to] review the papers before him when he did his Rule 78 on the papers." See Appellant's Brief at 8-9. Hofmann, herself, thus indicates that the "Mining In Outer Space" issue was "actually litigated." See Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1570 (Fed. Cir. 1983) (An issue is "actually litigated" if it was disputed by the parties to the original action and resolved by the trier of fact.) See also Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n, 804 F.2d 390, 394-95 (7th Cir. 1987) (An issue need not be disposed of in a full-blown trial or opinion on the matter in order to be "actually litigated.") Further, the determination of the "Mining In Outer Space" issue was essential to the 1990 judgment, because summary judgment could not have been granted in favor of the defendants in 1990 if this issue had presented a "genuine issue of material fact." See Fed. R. Civ. P. 56©. Hofmann's challenge to the District Court's resolution of this issue is properly brought in an appeal, which Hofmann has already pursued. As Hofmann had a "full and fair opportunity" to litigate this issue in her earlier case, the District Court correctly precluded her from raising it again. See Rider, 850 F.2d at 991 (citing Allen v. McCurry, 449 U.S. 90, 95 (1980)).

After a thorough review, we agree with the District Court that Hofmann's complaint raises no claims or issues that were not or could not have been raised in her previous litigation. We will, therefore, affirm the District Court's judgment of dismissal. Hofmann's motions for oral argument, review of the Clerk's Order dated December 9, 2005, default judgment, and to remand this case to the District Court are denied.

5