NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3008

DAVID A. DOLINSKY,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

David A. Dolinsky, of Alexandria, Virginia, pro se.

Scott T. Palmer, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3008

DAVID A. DOLINSKY,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in CH1221090173-W-1.

_____

DECIDED: March 12, 2010

_____

Before GAJARSA, ARCHER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

David A. Dolinsky petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his request for corrective action sought in his Individual Right of Action ("IRA") appeal under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) (2000). The Government has moved for partial remand on one issue. See <u>Dolinsky v. Dep't of the Homeland Sec.</u>, No. CH-1221-09-0173-W-1, 2009 MSPB LEXIS 5218 (M.S.P.B. Aug. 07, 2009), review denied, 112 M.S.P.R. 301

(2009) (final decision). For the reasons stated herein, we <u>affirm in part</u>, <u>vacate in part</u>, and <u>remand</u> to the Board.

BACKGROUND

Mr. Dolinsky is the Great Lakes Region, Regional Emergency Coordinator for the General Services Administration ("GSA") in Chicago, Illinois. Mr. Dolinsky applied for three positions with Department of Homeland Security ("DHS" or "Agency") during the period from August 2007 through January 2008. The Agency selected someone other than Mr. Dolinsky for two of those positions and canceled the vacancy announcement for the third. After filing a complaint at the Office of Special Counsel ("OSC"), Mr. Dolinsky filed an IRA appeal to the Board, alleging that the Agency retaliated against him for making certain disclosures that were protected under the WPA.

At issue in this appeal are two of those disclosures. First, Mr. Dolinsky contends that he disclosed that Mr. Robert Thibeault, a political appointee with whom he worked, illegally disclosed classified information. Specifically, he contends that Mr. Thibeault revealed to Mr. Michael Gelber, GSA Deputy Regional Administrator, as well as Mr. James Handley, GSA Regional Administrator, and Mr. Dolinsky himself, that in an upcoming 2005 GSA emergency exercise the President was scheduled to die. The administrative judge ("AJ") found that the information about the simulation of the killing of the President was not established as classified, and thus Mr. Dolinsky had not proven by preponderant evidence that he made a "protected" disclosure under the WPA. <u>Dolinsky v. Dep't of the Homeland Sec.</u>, No. CH-1221-09-0173-W-1, 2009 MSPB LEXIS 1631 (M.S.P.B. Mar. 24, 2009) (initial decision).

Second, Mr. Dolinsky contends that he disclosed a violation of the Hatch Act because he attended a meeting in 2004 with Mr. Thibeault in which Mr. Thibeault asked Mr. Dolinsky to take Mr. Thibeault's photograph and e-mail it to the Republican National Committee so that Mr. Thibeault could attend a Republican National Convention. The AJ dismissed this claim for lack of jurisdiction because Mr. Dolinsky failed to "present[] a non-frivolous allegation he had a reasonable belief his actions and those of Mr. Thibeault clearly implicated an identifiable law, rule, or regulation." Dolinsky v. Dep't of the Homeland Sec., No. CH-1221-09-0173-W-1 (M.S.P.B. Mar. 16, 2009) (order).[1]

Additionally, Mr. Dolinsky contends that the Board should have applied the doctrine of collateral estoppel to his disclosure regarding the alleged improper release of classified information. The record reflects that in a prior MSPB action involving Mr. Dolinsky, he filed a request on January 12, 2007 for corrective action with the OSC, alleging that GSA officials retaliated against him for disclosures he believed were protected by the WPA. Judge Packard in her initial decision indicated that "[i]n his January 2007 OSC complaint, the appellant stated that on November 6, 2006 he told Mr. Gelber 'I am not going to stay quiet any longer regarding Robert Thibeault's . . . incident where he disclosed Top Secret information to those who didn't have a need to know'" and "[t]he Appellant's statement that he would now report these to the agency's Inspector General is protected." Dolinsky v. Gen. Servs. Admin., No. CH-1221-07-

---

[1] Before the Board, Mr. Dolinsky made another allegation of whistleblowing, involving his disclosure to GSA's Office of the Inspector General, that Rex Wamsley, Director of the Plans Division with Federal Emergency Management Agency ("FEMA"), initiated an investigation, through sending out an e-mail to other employees, based on an allegation of ethical impropriety of Mr. Dolinsky's use of his government position to maintain a personal website. The AJ found that Mr. Dolinsky had not shown by preponderant evidence his disclosure of Mr. Wamsley's e-mail message constituted a whistleblowing disclosure. This issue is not on appeal before this court.

0461-W-1 (M.S.P.B. Mar. 11, 2008) (initial decision). Based on this prior MSPB decision, Mr. Dolinsky argued that the Agency should be estopped from re-litigating whether Mr. Dolinsky had a reasonable belief that Mr. Thibeault improperly disclosed secret information.

Mr. Dolinsky appealed the AJ's initial decision to the full Board. The Board denied his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b). Mr. Dolinsky timely appealed to this court. Mr. Dolinsky has raised three issues on appeal: (1) whether the AJ erred in not applying collateral estoppel to Mr. Dolinsky's disclosure regarding allegedly classified information; (2) whether the AJ erred in concluding that Mr. Dolinsky's disclosure regarding the allegedly improper release of top secret information was not protected by the WPA; and (3) whether the AJ erred in dismissing Mr. Dolinsky's claim regarding the alleged Hatch Act violation. In addition, the Government, as respondent, has moved for partial remand limited to the second issue. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

DISCUSSION

The scope of our review of a decision by the Board is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); see Dickey v. Office of Pers. Mgmt., 419 F.3d 1336, 1339 (Fed. Cir. 2005). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. Herman v. Dep't of Justice, 193 F.3d 1375,

2010-3008                                 4

1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999).

This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes "non-frivolous allegations" that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). See Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001); Meuwissen v. Dep't of Interior, 234 F.3d 9, 12 (Fed. Cir. 2000); Schmittling v. Dep't of the Army, 219 F.3d 1332, 1336 (Fed. Cir. 2000); Willis v. Dep't of Agric., 141 F.3d 1139, 1142 (Fed. Cir. 1998); see generally Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 686-89 (Fed. Cir. 1992). The burden is on the petitioner to establish the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1213-14 (Fed. Cir. 2003).

I.

We first address Mr. Dolinsky's claim that the Board erred in not applying collateral estoppel to his disclosure regarding allegedly classified information. We find no error in the Board's decision on this issue.

Collateral estoppel bars a litigant from re-litigating the same issue decided in a previous case where (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue was necessary to the resulting judgment in the earlier action, and (4) the interests of the

precluded party were fully represented in the prior action. Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569 (Fed. Cir. 1983).

Here, the Board in the previous case held only that Mr. Dolinsky's statement that he would report disclosure to the Agency's Inspector General was protected, not that the disclosures themselves were protected. Whether Mr. Dolinsky's statement that he would report disclosure to an inspector general is protected is not an issue in this appeal. Because issue preclusion is only applicable when "the issue previously adjudicated is identical with that now presented," Thomas v. Gen. Servs. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986), Mr. Dolinsky's argument that the doctrine of issue preclusion applies here fails. We therefore affirm the Board's decision on this issue.

II.

We next turn to Mr. Dolinsky's claim that the Board, by incorrectly deciding certain facts, erred in concluding his disclosure regarding the allegedly improper release of top secret information was not protected. The Government agrees with Mr. Dolinsky and has requested a partial remand limited to this issue.

Mr. Dolinsky testified that there were two different portions of the GSA's emergency response exercise: a continuity of government ("COG") portion and a continuity of operation program ("COOP") portion. He noted that COG was always classified. Mr. Dolinsky also testified, without rebuttal, that the scenario regarding the hypothetical death of the President was part of the COG plan and was classified at the time of its unauthorized disclosure. The AJ in his initial decision appeared to fail to distinguish between the COG portion and the COOP portion of GSA's emergency

response exercise. The AJ ruled that because COOP was not classified, Mr. Dolinsky failed to establish that the scenario of the President's hypothetical death was classified.

There is no testimony or affidavits or other evidence submitted by the Agency to rebut Mr. Dolinsky's testimony. Therefore, in light of Mr. Dolinsky's testimony regarding the different nature of the two portions of GSA's emergency response exercise, we remand to the Board for reconsideration whether the hypothetical death of the President was part of the COG portion of the exercise and whether information under the COG was classified.

In addition, Mr. Dolinsky argues that the AJ erred in concluding that "a disinterested person, based on available information and information that was readily ascertainable, would not necessarily conclude that disclosure of [classified information] . . . violated the law" because "the officials in charge of the COOP had reason to know the parameters of the upcoming COOP in order to adequately prepare for it." Dolinsky v. Dep't of Homeland Sec., CH-1221-09-0173-W-1, at *5-6 (M.S.P.B. Mar. 24, 2009) (initial decision). Mr. Dolinsky contends that this conclusion was improperly based on the AJ's finding that "[t]he appellant had a top secret clearance and the officials in charge of the COOP had reason to know the parameters of the upcoming COOP in order to adequately prepare for it." Id. at *6. Mr. Dolinsky's testimony from another MSPB appeal indicated that Mr. Gelbert was not involved in the 2005 GSA training exercise, and neither Mr. Gelbert, Mr. Handley nor Mr. Dolinsky himself should have had access to the classified information at issue. Mr. Dolinsky's testimony from that MSPB appeal other than the one below was contradicted by the Agency's exhibits or briefing in that appeal. For example, the AJ during that case's hearing, referring in

part to Mr. Gelber, stated that "[t]he Agency made a statement that both individuals played key roles in the exercise and had to be, I can show you that, had to be aware of what was doing on." Therefore, in light of Mr. Dolinsky's assertions regarding Mr. Gelber's involvement in the 2005 GSA training exercise, we remand for the Board for reconsideration whether a disinterested person, based on available information and information that was readily ascertainable, would not necessarily conclude that disclosure of such information to Mr. Handley, Mr. Gelber, and Mr. Dolinsky violated the law.

Further, because the Board held that Mr. Dolinsky's disclosure was not protected by the WPA, the Board did not address whether Mr. Dolinsky's disclosure regarding the release of classified information was "a contributing factor in an adverse action against him" and whether the Agency established, "by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure." See Fellhoelter v. Dep't of Agric., 568 F.3d 965, 970-71 (Fed. Cir. 2009) (citing 5 U.S. C. § 121(e)). Accordingly, we grant the Government's motion for partial remand for the Board to consider whether Mr. Dolinsky's statements constituted a protected disclosure, and if so, whether such statements were a contributing factor in the Agency's decision.

III.

Finally, Mr. Dolinsky argued that the Board erred in dismissing his claim regarding his disclosure of an alleged Hatch Act violation. We see no reason to disturb the Board's ruling on this issue.

2010-3008                                   8

Section 2302(b)(8) protects several types of disclosures, one being a disclosure regarding what an employee "reasonably believes" to be a "violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8). Mr. Dolinsky alleges he made such a disclosure; we deem his allegations frivolous.

In order for Mr. Dolinsky to prevail in his IRA appeal, he was first required to demonstrate by a preponderance of the evidence that he made a disclosure that he reasonably believed evidenced a violation of a law, rule, or regulation. Willis, 141 F.3d at 1143. The proper test for determining whether an employee had a reasonable belief that his disclosures revealed misconduct prohibited under the WPA is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee would reasonably conclude that the actions of the government evidence wrongdoing as defined by the WPA. Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999), cert. denied, 528 U.S. 1153 (2000).

At issue in this appeal is Mr. Dolinsky's disclosure that Mr. Thibeault requested Mr. Dolinsky to take Mr. Thibeault's photograph and e-mail it to the Republican National Committee so that Mr. Thibeault could attend a Republican National Convention. The AJ correctly explained that the Hatch Act prohibits "federal employees from using their official authority or influence to interfere with an election, solicit or receive political contributions, be candidates for public office in partisan elections, solicit or discourage political activity while on duty, in a government office, wearing an official uniform, or using a government vehicle." Dolinsky v. Dep't of Homeland Sec., CH-1221-09-0173-W-1, at *2 (M.S.P.B. Mar. 16, 2009) (order) (citing 5 U.S.C. §§ 7323-7324; 5 C.F.R. § 734.302-.306). The AJ then properly noted that Mr. Dolinsky's "disclosure does not

indicate either he or Mr. Thibeault used their official positions to interfere with an election, that they solicited or received political contributions, that they ran for office in a partisan election, that they solicited or discouraged the political activity of anyone with business before the [GSA], or that, as defined by regulation, they engaged in a political activity." Id. at *2-3. We agree that it is frivolous to suggest the act at issue constituted political activity that violated the Hatch Act, and thus Mr. Dolinsky has failed to show a reasonable belief that he made a disclosure evidencing a violation of law, rule, or regulation.

For the foregoing reasons, we affirm in part, vacate in part, and remand to the Board for reconsideration 1) whether the hypothetical death of the President was classified information under the COG portion of the 2005 GSA emergency exercise; 2) whether a disinterested person would not necessarily conclude that disclosure of such information to Mr. Handley, Mr. Gelber, and Mr. Dolinsky violated the law; and 3) whether Mr. Dolinsky's disclosure regarding the release of such information was a contributing factor in an adverse action against him. We reject the remainder of his challenges to the Board's decision.

No costs.