**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LA TERRENCE D. KELLEY, | DOCKET NUMBER |
| Appellant, | DC-0752-22-0563-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: October 17, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

La Terrence D. Kelley, Chesapeake, Virginia, pro se.

Lorna J. Jerome, Esquire, and Edith Moore McGee, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant is barred by the doctrine of collateral estoppel from claiming that the agency improperly denied his request for reasonable accommodation or required him to compete for promotion, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Management and Program Analyst with the agency's U.S. Coast Guard. Initial Appeal File (IAF), Tab 1 at 1, 4, Tab 8 at 30. On September 27, 2021, the appellant filed an Equal Employment Opportunity (EEO) complaint alleging, in relevant part, that he was discriminated against when the agency denied his May 12, 2021 reasonable accommodation request for full-time telework in August 2021, and that he was retaliated against when the agency posted for competition a GS-12 position to which he was eventually promoted in February 2022.[2] IAF, Tab 8 at 30, 67-68, Tab 10 at 7-8, 17-18. He subsequently filed a complaint on October 7, 2022, with the U.S. District Court for the Eastern District of Virginia (district court) raising the same claims. IAF, Tab 15 at 10, 14-19. Meanwhile, on August 9, 2022, the appellant submitted a

_____

[2] Prior to his promotion, the appellant served in the same position at the GS-11 level. IAF, Tab 8 at 30.

letter to the agency notifying it that, effective August 12, 2022, he considered himself "[c]onstructively [d]ischarged." IAF, Tab 10 at 16. He filed the instant appeal with the Board challenging, in relevant part, his "involuntary retirement" due to intolerable working conditions. IAF, Tab 1 at 3.

The administrative judge issued an acknowledgment order apprising the appellant that, to receive the hearing he requested on the issue of jurisdiction, he must nonfrivolously allege facts that if true could establish that his separation was involuntary. IAF, Tab 5 at 2-3. The appellant responded and argued that he was forced to resign due to intolerable working conditions that exacerbated the symptoms of his disabilities. IAF, Tab 10 at 6, 11. Specifically, he asserted that his resignation was the result of the agency denying his request for accommodation and requiring him to compete for his eventual GS-12 promotion, as discussed above. *Id.* at 6-7, 10-12. He also argued that he resigned because, on May 12, 2022, he witnessed a physical altercation between his coworkers, and the agency failed to notify him that his coworker tested positive for COVID-19. *Id.* at 7-8, 12. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 11 at 4-7.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal, finding that the appellant failed to nonfrivolously allege facts that would support a finding that a reasonable person in his position would have been compelled to retire or resign under the circumstances alleged. IAF, Tab 1 at 2, Tab 17, Initial Decision (ID) at 1, 5, 10. The administrative judge declined to dismiss the appeal on the alternative basis that the appellant was raising before the Board the same claims in his pending district court litigation. ID at 3 n.3. She reasoned that the appellant was seeking different remedies before the district court. *Id.*

The appellant has timely filed a petition for review, reasserting that his decision to resign was the result of the intolerable working conditions caused by

the agency. Petition for Review (PFR) File, Tab 1 at 7-12. The agency has not responded to the petition for review.

After the appellant filed his petition for review, the district court granted summary judgment on the appellant's complaint, reasoning, as relevant here, that there was no dispute of material fact as to the following: "the [appellant] failed to provide adequate medical documentation in support of his [May 12, 2021] request for accommodation;" his requested accommodation was not "necessary" to enable him to perform the essential functions of his job; and his promotion was not improperly delayed, and even if it were, the delay was for the non-pretextual, legitimate nondiscriminatory reason of allowing open competition for the appointment. *Kelley v. Mayorkas*, 694 F. Supp. 3d 715, 719-22, 726-29, 731-33 (E.D. Va. 2023). The Office of the Clerk of the Board issued an order to setting forth the standards for the application of the doctrine of collateral estoppel and instructing the parties to provide evidence and argument regarding the application of the doctrine to the district court's findings. PFR File, Tab 8. The agency has responded, arguing that the Board should apply collateral estoppel to the accommodation and promotion issues addressed by the district court. PFR File, Tab 9 at 1. The appellant has not responded to the Clerk's order or replied to the agency's response.

## DISCUSSION OF ARGUMENTS ON REVIEW

We modify the initial decision to apply the doctrine of collateral estoppel.

The appellant previously challenged the same agency actions he contests in this appeal in his district court discrimination case. *Compare* IAF, Tab 15 at 14-19, *and Kelley*, 694 F.Supp.3d at 719-22, 726-33, *with* IAF, Tab 10 at 6-8, 10-12. The administrative judge issued an order requiring the appellant to address whether his decision to file his district court complaint was an election of forum that prevented the Board from taking jurisdiction over his alleged constructive removal. IAF, Tab 14 at 1-2. In response, the appellant argued that

he had "distinct claims" in each venue—his alleged "constructive removal" before the Board, and the agency's alleged "failure to accommodate his disability and its subsequent retaliation" related to his eventual promotion before the district court. IAF, Tab 15 at 5, 7. The administrative judge agreed with the appellant and considered these claims as part of the appellant's alleged constructive removal. ID at 3 n.3. However, the administrative judge did not have the benefit of the district court decision at that time because it was issued after the January 24, 2023 initial decision. ID at 1.

The district court granted summary judgment in favor of the agency on the merits by finding, as relevant here, that there was no dispute of material fact as to the following: "the [appellant] failed to provide adequate medical documentation in support of his [May 12, 2021] request for accommodation;" his requested accommodation was not "necessary" to enable him to perform the essential functions of his job; and his promotion was not improperly delayed, and, even if it were, the delay was for the non-pretextual, legitimate nondiscriminatory reason of allowing open competition for the job. *Kelley*, 694 F. Supp. 3d at 719-22, 726-29, 731-33.

The appellant is barred by the doctrine of collateral estoppel from relitigating those findings here. Under the doctrine of collateral estoppel, once an adjudicatory body has decided a factual or legal issue necessary to its judgment, that decision may preclude relitigation of the issue in a case concerning a different cause of action involving a party to the initial case. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party

to the earlier action or as one whose interests were otherwise fully represented in that action. *Id.* The Board has held that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Id.* On review, the Clerk of the Board issued an order on the applicability of the doctrine of collateral estoppel in this appeal, to which only the agency responded. PFR File, Tabs 8-9.

We find that the issues in the relevant two cases are "identical" as required for collateral estoppel. To establish jurisdiction over an alleged constructive adverse action, an appellant must show that he lacked a meaningful choice in making what appeared to be a voluntary decision because of the agency's wrongful actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8-11 (2013). The Board considers a discrimination claim in connection with a claim of involuntariness insofar as it relates to the issue of jurisdiction. *Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 5 (2009). For example, the Board concluded in *Bean* that an appellant nonfrivolously alleged that he was subjected to an appealable constructive suspension because the agency forced him to take leave when it failed to accommodate his medical restrictions. *Bean*, 120 M.S.P.R. 397, ¶ 14. In another case, the Board found that an agency did not act wrongfully in prohibiting an employee from returning to work while it sought clarification of his medical restrictions, as permitted under the Rehabilitation Act of 1973. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 12-19 & n.5 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

Here, the district court found that the agency did not act improperly as to the same set of events that the appellant raises in his Board appeal, i.e., the alleged failure grant the appellant's May 12, 2021 request for full-time telework and the requirement that he compete for his promotion to a GS-12 position, which delayed the promotion until February 2022. *Kelley*, 694 F. Supp. 3d at 726-33; IAF, Tab 10 at 6-8, 10-12; PFR File, Tab 1 at 9-12. The district court's finding

that the agency did not act improperly in denying the appellant's accommodation request or requiring him to compete for the GS-12 position was necessary to the decision to grant the agency's request for summary judgment. *Kelley*, 694 F. Supp. 3d at 733-34.

Further, the appellant was "represented" for purposes of collateral estoppel because he was a party to the district court litigation and he had a "full and fair chance to litigate" the issues in question in that prior case. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (quoting *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 & n.4 (Fed. Cir. 1983) (holding that "issues which are actually and necessarily determined by a court of competent jurisdiction are conclusive in a subsequent suit involving the parties to the prior litigation" if the parties "had a 'full and fair chance to litigate' the issues to be precluded") (citations omitted)). And regarding the "actually litigated" requirement, the Board has found it appropriate to give preclusive effect to district court decisions, like the one here, that grant summary judgment. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 20 (2014) (finding that the "actually litigated" element and all others were met for purposes of collateral estoppel when an issue raised in a Board appeal previously was disposed of in a district court via summary judgment); *New v. Department of Veterans Affairs*, 99 M.S.P.R. 404, ¶¶ 11, 31 (2005) (finding that the Board was precluded by the doctrine of res judicata from revisiting claims decided by a district court).

Finally, the doctrine of collateral estoppel only applies to valid and final judgments. *Wade v. Department of the Air Force*, 70 M.S.P.R. 396, 398 (1996) (citations omitted), *aff'd per curiam*, 104 F.3d 375 (Fed. Cir. 1996) (Table). Here, although the district court advised the appellant regarding how to appeal its decision, he elected not to do so. *Kelley*, 694 F. Supp. 3d at 733 (advising the appellant of his option to appeal the decision within 60 days); *see* Fed. R. App. P. 3(a)(1), 4(a)(1)(B)(i)-(iii) (providing that a party generally must file an appeal of a district court decision by "filing a notice of appeal with the district court

clerk" "within 60 days after entry of the judgment or order appealed from if one of the parties is" the United States, a Federal agency, or a Federal officer, or employee sued in his "official capacity"). In September 2023, he filed a motion for default judgment with the district court, which it denied, advising him that it closed the case when it issued its summary judgment decision. There is no evidence that the appellant took any further action regarding his district court case either on the record before us or in the district court's docket. Therefore, the district court decision is final.

Thus, the elements of collateral estoppel have been satisfied here, and we modify the initial decision to find that the appellant is collaterally estopped from asserting in the instant appeal that the denial of his May 12, 2021 request for reasonable accommodation and his allegedly delayed promotion to his GS-12 position forced him to resign. To the extent that the administrative judge considered these allegations in finding that the Board lacks jurisdiction, we modify the initial decision to decline to consider them.

<u>The administrative judge properly found that the appellant failed to make a nonfrivolous allegation that he had no choice to resign because of two May 12, 2022 workplace incidents.</u>[3]

The administrative judge found that the remaining incidents alleged by the appellant, even if true, would not have caused a reasonable person in his position to feel compelled to resign or retire. ID at 8-10. The appellant disputes this determination on review. PFR File, Tab 1 at 8, 10-12. We are not persuaded.

---

[3] Because it was unclear whether the appellant retired or resigned, the Clerk's Office requested that the parties clarify the nature of the appellant's separation and the status of any request for a retirement annuity. PFR File, Tab 8 at 3-4. The agency has clarified that the appellant resigned, and the appellant has not disputed that representation. PFR File, Tab 9 at 36, 41. Accordingly, we modify the initial decision to the extent it referenced the nature of the appellant's separation as a retirement to properly reflect that it was a resignation. This distinction does not impact our analysis. *See Bean*, 120 M.S.P.R. 397, ¶ 8 (explaining that all constructive adverse action appeals have in common that the agency's wrongful actions deprived an employee of a meaningful choice in the matter); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Carey*, 112 M.S.P.R. 106, ¶ 5. An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Id.* An involuntary resignation, however, is equivalent to a forced removal and therefore within the Board's jurisdiction. *Id.* To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *Id.* To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the resignation, he had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency. *Id.* If the employee claims that his retirement was coerced by the agency's creating intolerable working conditions, he must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to retire. *Id.*

The appellant reiterates on review that an incident on May 12, 2022, an altercation between two coworkers near his desk, caused him to fear for his physical safety and that the agency failed to respond to two grievances he filed in June and July of 2022 regarding this May incident. IAF, Tab 10 at 7-8, 11-12; PFR File, Tab 1 at 10-12. He also reasserts that, on the same day, despite the agency's knowledge of his high-risk status, it failed to notify him that a coworker who sat across from him in the office tested positive for COVID-19. IAF, Tab 10 at 7; PFR File, Tab 1 at 11-12. He argues that the administrative judge "downplay[ed] the heightened risk [the appellant] faced from COVID-19 infection." PFR File, Tab 1 at 11. He alleges that it was "only when [the agency] demonstrated objective disregard for [the appellant] by failing to notify him that he had been exposed to COVID-19 in the workplace that [he] felt compelled to resign." *Id.* However, we agree with the administrative judge's finding below that details regarding this incident are "sparse." ID at 9. The only details the

appellant provided below regarding the incident are that he learned on May 12, 2022, that a coworker "who sits directly across from [the appellant]" had tested positive for COVID-19 and "was leaving work that day." IAF, Tab 10 at 19. The appellant provides no additional allegations on review. PFR File, Tab 1 at 11-12.

We agree with the administrative judge that these alleged facts fail to rise to the level of a nonfrivolous allegation of jurisdiction. ID at 8-9. Even if the appellant and his wife's high risk of infection reasonably caused him to resign, as he claims on review, he has pointed to no wrongful agency action that increased his risk. PFR File, Tab 1 at 11. The appellant has provided no factual allegations that, if true, would prove that the agency's notification of his coworker's infection status was deficient.[4]

On review, the appellant also emphasizes that he attempted to seek help from the agency to address his concerns by filing two grievances in June and July 2022, but that the agency failed to respond, which made him feel unsupported. PFR File, Tab 1 at 8, 10. However, he has not made a nonfrivolous allegation that a reasonable person would have been compelled to retire or resign instead of challenging the alleged improper agency actions through available procedures, such as by filing the grievances at issue here or by elevating them. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant failed to establish that a reasonable person would have felt compelled to resign because the appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign, and had done so by

---

[4] The administrative judge found that, even when considered in combination with the appellant's other allegations, two coworkers' physical altercation would not have caused a reasonable person in the appellant's position to retire. ID at 8-9. Although the appellant reiterates facts about this incident on review, he does allege any error in the administrative judge's finding on this issue. PFR File, Tab 1 at 8. We discern no basis to disturb this ruling, which is consistent with our caselaw. *Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, 86 (1998) (finding that a single incident in which an appellant's superior chastised, threatened, and harassed him during a meeting, even if true, alone would not be enough to show that working conditions were so difficult that a reasonable person in his position would have felt compelled to resign).

filing an EEO complaint). Thus, we are not persuaded that he had no other alternative than to resign or retire.

In sum, we discern no reason to disturb the administrative judge's explained findings. Therefore, we agree with the administrative judge that the appellant failed to establish that the Board has jurisdiction over his involuntary resignation appeal. ID at 9-10.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
                                            Gina K. Grippando
                                            Clerk of the Board

Washington, D.C.